UNITED STATES of America, Appellee,

v.

Darrell Walter PREAKOS,
Defendant, Appellant.

No. 90–1055.

United States Court of Appeals,
First Circuit.

Heard June 5, 1990.
Decided June 21, 1990.

Bruce B. Hochman, by Appointment of the Court, with whom Black, Lambert, Coffin & Haines, Portland, Me., was on brief, for appellant.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., was on brief, for U.S.

Before CAMPBELL, Circuit Judge, COFFIN, Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM.

At the sentencing hearing, the district court increased defendant's offense level upon finding that during the commission of defendant's drug conspiracy offense defendant had (1) possessed a firearm and (2)

8

acted as an organizer or leader. On appeal, defendant claims that the district court committed clear error in making these latter two findings. We affirm.

The following facts, contained in the presentence investigation report, are undisputed. For a period of at least one year prior to his arrest on August 30, 1988, defendant Darrell Preakos was a "significant retail distributer of cocaine" in the Biddeford/Alfred/Springvale corridor of York County, Maine. Defendant would arrange with his "Florida source" to have cocaine shipped by express carrier to his four distributors, who would then deliver the drugs to defendant. Upon receiving the drugs, defendant would compensate his distributors in either cash or cocaine. Defendant would then distribute the cocaine to his distributors and others.

On August 30, 1988, the police arrested defendant at his home, and seized, among other things, 64.34 grams of cocaine, a closed circuit television system and surveillance cameras, assorted drug paraphernalia, and six firearms.

On July 25, 1989, pursuant to a plea agreement, defendant pleaded guilty to conspiring to possess cocaine with intent to distribute it in violation of 21 U.S.C. § 846.

Following a sentencing hearing, the district court determined defendant's sentence under the sentencing guidelines. The court found that trafficking involving 64.34 grams of cocaine equaled a base offense level of 16. See Guidelines § 2D1.1(a)(3) and Drug Quantity Table § 2D1.1(c). From this base offense level, the court (1) subtracted two levels for defendant's acceptance of responsibility, see § 3E1.1(a), (2) added two levels for defendant's firearm possession, see § 2D1.1(b)(1), and (3) added four levels for defendant's role as a leader or organizer in the offense, see § 3B1.1(a), making the total offense level equal to 20. Given defendant's criminal history category of I, this provided for a guideline range of 33 to 41 months. See Ch. 5, Part A. The court then sentenced defendant to 33 months.

Defendant appeals.

■ A court of appeals "shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. 3742(e). In the present case, such "due deference" requires that we review the district court's fact-based application of the guidelines only for clear error. See, e.g., United States v. Jimenez–Otero, 898 F.2d 813, 815 (1st Cir.1990) (reviewing district court's application of guidelines to undisputed facts only for clear error). And where more than one reasonable inference may be drawn from undisputed facts, "the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir.1990).

■ Defendant first complains that the district court erred in enhancing his sentence pursuant to section 2D1.1(b)(1) of the Guidelines, which provides for an increase of two levels where "a dangerous weapon (including a firearm) was possessed during commission of the offense...." Defendant's complaint is without merit.

The Commentary to section 2D1.1(b)(1) explains that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons." Id. (Commentary). Given this concern, the Commentary states that "the adjustment should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense." Id. (emphasis added). Our circuit has adopted this "clearly improbable" standard. See, e.g., United States v. Ruiz, 905 F.2d 499, 507 (1st Cir.1990); United States v. Mocciola, 891 F.2d 13, 17 (1st Cir.1989).

The following undisputed facts were before the district court. Found at defendant's residence were six operable firearms. Three of these firearms were loaded, three were handguns, and one was within defendant's arm reach. Also found at defendant's residence were 64.34 grams of cocaine, two surveillance cameras, a closed circuit television system to monitor the driveway and the front of the residence, $1000.00 in cash, notebooks denoting drug transactions, written materials indi-

cating a trip or trips to Florida (the location of defendant's drug source), a set of gram scales, and other drug paraphernalia.

With these facts as a backdrop, the district court was permitted to make the reasonable inference that defendant used one or more of the firearms to protect his drug operation. *Cf. United States v. Rodriguez,* 897 F.2d 1324, 1326 (5th Cir.1990) ("[T]he court is permitted to make inferences from the facts, and these inferences are factfindings reviewed under a clearly erroneous standard...."). At the very least, the court committed no "clear error" in finding that it was not "clearly improbable" that the firearms were connected to the offense of conspiracy to distribute cocaine. *See, e.g., United States v. Paulino,* 887 F.2d 358, 360 (1st Cir.1989) (upholding enhancement where police found loaded firearm in bureau drawer of bedroom where cocaine was stored, as well as $44,690 in cash, personal papers belonging to defendant, and a drug ledger); *United States v. Wayne,* 903 F.2d 1188 (8th Cir. 1990) (upholding enhancement where at defendant's home "the police seized a loaded .357 Smith & Wesson handgun, a 9 millimeter Luger handgun, and a 12-gauge shotgun" and where "[t]here was substantial evidence that [defendant] conducted his narcotic activities from his home"); *United States v. Green,* 889 F.2d 187, 189 (8th Cir.1989) (Defendant's "undenied possession of a firearm and ammunition in the same place where she conducted drug transactions and the additional hazard [that] the presence of the firearm created in her drug operation satisfy us that connection of the gun to the offense is not clearly improbable."); *see generally United States v. Ruiz,* 905 F.2d 499, 507 (1st Cir.1990) (citing cases).

Defendant next argues that the district court erred in enhancing his sentence pursuant to section 3B1.1(a) of the Guidelines. That section provides for an increase of four levels if (1) defendant acted as "an organizer or leader of a criminal activity" and (2) the criminal activity "involved five or more participants or was

otherwise extensive...." Defendant's argument, like the first, is without merit.

In finding that defendant was an organizer or leader, the district court found (1) that defendant "was the principal organizing and precipitating force of the [criminal] activities that culminated in the distribution of cocaine here in the State of Maine, and (2) that he had enlisted and had the benefit of four other people as distributors, a total of six people involved." Neither finding is clearly erroneous.

First, the district court was permitted to infer from the undisputed facts that defendant was an organizer or leader, *see* § 3B1.1(a), as opposed to a mere manager or supervisor, *see* § 3B1.1(b), of the criminal activity. The Commentary to the Guidelines lists the following nonexhaustive factors to consider in choosing between these two types of roles (organizer/leader or manager/supervisor): "(1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others." Guidelines § 3B1.1 (Commentary). These factors are not mandatory conditions, but rather "various factors to be weighed.... There need not be evidence of every factor before a defendant is found to be a 'leader or organizer.'" *United States v. Ortiz,* 878 F.2d 125, 127 (3d Cir.1989).

Here, the facts supported the reasonable inferences (1) that defendant exercised a high degree of decision-making authority in organizing a number of cocaine shipments from Florida to Maine, (2) that his participation in the offense included running a sophisticated drug operation out of his home, (3) that defendant exercised control over his four distributors, at least in the sense that he directed them with regard to their role in the various cocaine shipments and apparently coordinated aspects of the distribution, (4) that the scope of the illegal activity was broad, continuing for over one

year, and (5) that the nature of the illegal activity was serious in that defendant was a "significant retail distributer of cocaine" in the Biddeford/Alfred/Springvale corridor of York County, Maine. Given these permissible inferences, we cannot say that the district court committed clear error in finding that defendant organized (rather than merely managed or supervised) the criminal activity. *See, e.g., Ortiz*, 878 F.2d at 127 (upholding enhancement where defendant made decision regarding the place, the quantity and the price to be paid for cocaine, and defendant gave directions to some others involved in the drug transaction); *United States v. Velasquez-Mercado*, 872 F.2d 632, 635 (5th Cir.1989) (upholding enhancement where defendant was described as the "central figure" in a smuggling venture, in which he handled all the money and arranged for transportation of aliens into United States); *cf. United States v. Fuller*, 897 F.2d 1217, 1219 (reversing district court's enhancement under section 3B1.1(c) where "there was *no evidence* that [defendant] ever employed or recruited any persons to assist him with his unlawful activity....") (emphasis added).

■ Second, the district court was permitted to infer from the undisputed facts that the criminal activity involved five or more participants. The Commentary defines a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Guideline § 3B1.1 (Commentary). Without reaching the question whether the Florida drug source was properly counted as a participant, we find that the court was entitled to count the defendant and his four distributors as participants in the criminal activity. All five, without question, were "criminally responsible for the commission of the offense...." *Id.; cf. United States v. Anderson*, 895 F.2d 641, 644 (9th Cir.1990) (person who "was simply tricked into driving the get-away vehicle ... was not a 'participant' under the guideline definition").

Citing no case law for support, defendant argues that the district court erred as a matter of law in counting defendant as one of the participants in the criminal activity. Defendant argues as follows:

> The commission must have intended subsection (b) [of 3B1.1] to mean the specific activity managed or supervised by the Defendant must involve five or more participants.

> Since the commission did not intend subsection (b) to include the defendant as one of the five or more participants, the commission must also have intended that subsection (a) [of 3B1.1] be read that way, too.

We do not find this argument persuasive. To be sure, subsection (b), like subsection (a), of 3B1.1 requires that the specific criminal activity managed or supervised by a defendant "must involve five or more participants." Neither subsection, however, states or even implies that a defendant should *not* be counted as one of the participants in the specific criminal activity. To the contrary, the plain language of each subsection bifurcates the inquiry such that the only logical interpretation of the Guideline is to count the defendant as one of the participants. A court applying subsection (a) first asks whether the defendant acted as an organizer/leader of a specific criminal activity. If so, the court asks the separate question of whether that criminal activity involved five or more participants, defined in the Commentary as persons who are "criminally responsible for the commission of the offense...." Guidelines § 3B1.1 (Commentary). Here, it is manifest that defendant, as the organizer of the cocaine ring, was a participant in the criminal activity—he was indeed one of the persons who were "criminally responsible for the commission of the offense...." Although defendant urges us not to read section 3B1.1 "literally," we see no reason to do otherwise.

*Affirmed.*