952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Glenn BAREFOOT, a/k/a W.G., a/k/a Norman McGee Head,
a/k/a James Earl Griffin, a/k/a Wadius Peritte,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Gilbert PARKER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elton Ray MOORE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Ray TUCKER, a/k/a Danny, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Ray McGEE, a/k/a Bush, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Allen GRIMES, a/k/a Timmy, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Young PARKER, Defendant-Appellant.
 Nos. 90-5754, 90-5755, 90-5756, 90-5757, 90-5762, 90-5766
and 90-5774.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided Dec. 20, 1991.
As Amended Dec 31, 1991, and Jan. 7, 1992.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. (CR-89-26), W. Earl Britt, District Judge.
 Argued: Johnny Royce Morgan, Benson, N.C., for appellant Michael Parker; Elizabeth Manton, Assistant Federal Public Defender, Raleigh, N.C., for appellant Grimes; William Webb Plyler, Raleigh, N.C., for appellant McGee; Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessons & Patrick, Chapel Hill, N.C., for appellant Tucker; James Riley Parish, Fayetteville, N.C., for appellant Barefoot; George Bullock Currin, Cheshire, Parker, Hughes & Manning, Raleigh, N.C., for appellant Jerry Parker; Sean Connelly, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: William L. Davis, III, Lumberton, N.C., for appellant Moore; Margaret P. Currin, United States Attorney, R. Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, and WIDENER Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Glenn Barefoot, Michael Gilbert Parker, Elton Ray Moore, Danny Ray Tucker, Ricky Ray McGee, Timothy Allen Grimes, and Jerry Young Parker appeal their convictions and sentences resulting from their involvement in a drug trafficking conspiracy in the Eastern District of North Carolina from 1987 through 1989. Because we find no merit to any of the Appellants' numerous claims, we affirm.
 
 I.
 
 2
 As the result of an investigation by the North Carolina State Bureau of Investigation (SBI) of a suspected drug-trafficking conspiracy, Appellants were indicted on federal charges in May 1989. A superseding indictment issued in September 1989 and included a total of twenty counts, including a conspiracy count and numerous substantive counts involving related drug trafficking and firearms offenses.
 
 
 3
 Testimony at trial revealed that Barefoot oversaw a comprehensive drug distribution network which distributed marijuana and cocaine from 1987 through 1989. Barefoot paid Tucker a weekly salary to deliver cocaine and marijuana, and Barefoot consigned cocaine to Tucker, Jerry Parker, and Moore, for sale to other dealers. It was also established that Michael Parker, Moore, Tucker, and Reynolds negotiated a massive drug purchase on Barefoot's behalf in May 1989, in which undercover SBI agent Sweat agreed to sell 500 pounds of marijuana to Barefoot in exchange for $200,000 and eight kilograms of cocaine.
 
 
 4
 Telephone records during the period of the SBI investigation revealed that various conspirators made hundreds of calls to each other. In addition, the SBI conducted several warrant-authorized searches of the residences of several conspirators in October 1988 and in January, April, May, and June 1989, which resulted in the seizure of cocaine, marijuana, drug paraphernalia, and other accessories used in the manufacture and sale of those substances, and arsenals of firearms.
 
 
 5
 All Appellants were convicted on the conspiracy count and each defendant was convicted of a variety of numerous other charges arising out of the drug distribution network. Appellants were sentenced to terms of imprisonment as follows: Barefoot--405 months; Michael Parker--120 months; Moore--190 months; Tucker--109 months; McGee--363 months; Grimes--384 months; and Jerry Parker--240 months.
 
 
 6
 On appeal, all the Appellants claim that: (1) the prosecutor's reference during his opening statement to the grand jury's finding of probable cause denied the Defendants their right to a fair trial; (2) the district court's decision to permit the government to admit charts summarizing the relationships between different conspirators misled the jury and prejudiced the Defendants; (3) the district court erred in allowing Drug Enforcement Administration (DEA) agent Michael E. Grimes to testify about the conspiracy's organization; and (4) the trial court erred in denying the Defendants' severance motion and motions for judgment of acquittal on the conspiracy count. In addition, Barefoot claims the district court erred by admitting evidence of his use of aliases and that his counsel was ineffective. McGee and Grimes challenge their convictions on the firearms counts, and Parker challenges the admissibility of evidence recovered after an allegedly improper search. Several of the Appellants also challenge their sentences.
 
 II.
 
 7
 All the Appellants claim that the prosecutor's reference to the grand jury indictment during his opening statement prejudiced them and denied them a fair trial. Because no objection was made to this reference at trial, we review this claim for plain error. To succeed on a claim of plain error, the Appellants must show that the error undermined fundamental fairness and resulted in a miscarriage of justice. United States v. Young, 470 U.S. 1, 16 (1985). The record reveals that the district court specifically instructed the jury before the government's opening statement and at the conclusion of the trial that the indictment did not constitute proof of Defendants' guilt. Therefore, we find this claim without merit. United States v. Lewis, 423 F.2d 457, 459-60 (8th Cir.), cert. denied, 400 U.S. 905 (1970). See also United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988).
 
 
 8
 Appellants also claim that the district court erred in admitting into evidence prejudicial and misleading charts summarizing the relationships between the different conspirators in the Barefoot organization, in allowing the charts into the jury room, and in failing to instruct the jury* that the charts were merely summaries of evidence rather than substantive evidence themselves.
 
 
 9
 The district court does not abuse its discretion when it admits summary charts if they are based upon and fairly represent competent evidence properly admitted. United States v. Porter, 821 F.2d 968, 975 (4th Cir.1987), cert. denied, 485 U.S. 934 (1988). See United States v. Keltner, 675 F.2d 602, 605-06 (4th Cir.), cert. denied, 459 U.S. 832 (1982). The district court properly exercises its discretion in allowing illustrative charts to be taken into the jury room. United States v. Diez, 515 F.2d 892, 905 (5th Cir.1975), cert. denied, 423 U.S. 1052 (1976). No error occurs when the district court declines to issue an instruction that the charts are merely an illustrative aid and are not to be considered substantive evidence. United States v. Possick, 849 F.2d 332, 339 (8th Cir.1988). Based on these principles, we find that the district court did not abuse its discretion.
 
 
 10
 Appellants also challenge the opinion testimony of DEA agent Grimes about the operations of drug-trafficking organizations and his interpretation of financial records found during various raids. Expert testimony may be allowed if it assists the trier of fact to understand evidence or determine a fact in issue. Fed.R.Evid. 702. Expert testimiony can be admitted to help a jury understand narcotics operations, see United States v. Dunn, 846 F.2d 761, 763 (D.C.Cir.1988); United States v. Nersesian, 824 F.2d 1294, 1308 (2d Cir.), cert. denied, 484 U.S. 957 (1987), and financial records. United States v. Diaz, 878 F.2d 608, 618 (2d Cir.), cert. denied, 493 U.S. 993 (1989). Because we find that the district court did not abuse its discretion in admitting Grimes's opinion testimony, we reject this claim.
 
 
 11
 The fourth claim raised by all Appellants concerns the district court's denial of various motions to sever and the district court's denial of the motion for judgment of acquittal on their conspiracy counts.
 
 
 12
 Defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Fed.R.Crim.P. 8(b). An appellate court will reverse a district court's decision not to grant severance under Fed.R.Crim.P. 14 only for a clear abuse of discretion. United States v. Haney, 914 F.2d 602, 606 (4th Cir.1990). Because the evidence adduced at trial clearly demonstrates that the Defendants participated in numerous common acts and transactions and no showing of undue prejudice has been made, joinder was appropriate.
 
 
 13
 Appellants contend that the evidence showed two separate conspiracies and that under this Court's decision in United States v. Coward, 630 F.2d 229 (4th Cir.1980), cert. denied, 456 U.S. 946 (1982), they could not be properly convicted of the one conspiracy count in the indictment. The standard for deciding a motion for a judgment of acquittal is whether the evidence and inferences which may be drawn from the evidence--viewed in the light most favorable to the prosecution--would warrant the jury's finding a defendant guilty beyond a reasonable doubt. United States v. Dominguez, 604 F.2d 304, 310 (4th Cir.1979), cert. denied, 444 U.S. 1014 (1980). The evidence against the various defendants consisted primarily of testimonial evidence about the relationships between the various conspirators, physical evidence seized from the various raids, and telephone records detailing the telephone contacts between various defendants. Viewing this evidence in the light most favorable to the government, we find that the jury could have properly determined that one overall conspiracy existed and found each of the Defendants guilty beyond a reasonable doubt on the conspiracy counts. Therefore, the district court did not err in denying these motions.
 
 III.
 
 14
 Barefoot claims that the district court erred in admitting evidence of his use of various aliases and that he was denied the effective assistance of counsel. This Court has held that a defendant's use of aliases may be admitted as consciousness of guilt. United States v. Vogt, 910 F.2d 1184, 1192 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3561 (U.S.1991). Because Barefoot did not object to the use of aliases at trial, we conclude that the district court did not commit plain error in admitting this evidence. We decline to entertain Barefoot's ineffective assistance claim because we do not address such claims on appeal unless it conclusively appears from the record that the defendant did not receive effective representation. See United States v. Fisher, 477 F.2d 300 (4th Cir.1973). That is not the case here.
 
 
 15
 McGee and Grimes challenge their convictions on the firearms counts. Both were convicted of using firearms to aid the commission of a drug offense, and Grimes was convicted of carrying an unregistered machine gun, all as the result of evidence seized during a warrant-authorized search of the trailer residence they shared, which produced cocaine, marijuana, drug paraphernalia, and firearms. Grimes was also convicted of the same offense after a warrant-authorized search of his personal residence turned up more drugs, drug paraphernalia and firearms. Likewise, McGee received an additional conviction after drugs, drug paraphernalia, and firearms were discovered during a later search of his personal residence.
 
 
 16
 A defendant can be convicted under 18 U.S.C. § 924(c) if a firearm is present and facilitates the success of a drug transaction, irrespective of whether the weapon is actually used. Brockington, 849 F.2d at 876. The presence of firearms in a location a defendant has used to distribute a significant quantity of illegal drugs is sufficient to raise a jury issue. United States v. Smith, 914 F.2d 565, 567-68 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3563 (U.S.1991); United States v. Poole, 878 F.2d 1389, 1393 (11th Cir.1989). Here, because the evidence reveals that firearms were present in locations where illegal drugs had been sold, we reject these claims.
 
 
 17
 Grimes and McGee also claim that the district court erred in admitting evidence seized during the October 31, 1988, warrant-authorized search of their residence because the affidavit upon which the warrant was based did not mention that Shannon Knowles, the person who supplied the information that Grimes and McGee were dealing drugs out of their residence, had recently attempted suicide and been hospitalized for depression. Therefore, they maintain, this omission misled the magistrate judge and requires reversal under Franks v. Delaware, 438 U.S. 154 (1978).
 
 
 18
 In determining whether the totality of the circumstances supports the issuing judge's probable cause finding, reviewing courts must determine whether the judge had a substantial basis for concluding that a search would uncover evidence of wrongdoing. Illinois v. Gates, 462 U.S. 213, 230-31 (1983). The affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official misconduct than a failure to include a matter that might be construed as exculpatory. United States v. Colkley, 899 F.2d 297, 301 (4th Cir.1990). Suppression cannot be contemplated if the omission potentially affects the probable cause determination; rather, the omission must be such that its inclusion in the affidavit would have defeated probable cause. Id. Because we find that inclusion of the disputed information was not material under Franks and Colkley, we reject this claim.
 
 
 19
 Parker also challenges the issuance of the search warrant relating to the April 21, 1989, search of his residence. Parker contends that the affidavit supporting the warrant request is defective and does not provide probable cause. He also specifically attacks the reliability of the informants listed in the affidavit and the staleness of the information provided.
 
 
 20
 We reject these claims. Initially, we note that under Gates, there is no independent requirement to show the reliability of informants in this situation. 462 U.S. at 230. See also United States v. Chavez, 902 F.2d 259 (4th Cir.1990). Rather, the focus is on the totality of the circumstances. Viewing the evidence in this light, we find that there was ample evidence of past and present drug activity at Parker's residence which corroborated the many sources listed in the affidavit and supported the issuance of the warrant.
 
 
 21
 We also reject Parker's claim that the information in the warrant was stale. The evidence showed a pattern of past and present drug activity at Parker's residence and thus was relevant to the probable cause determination. See United States v. Cochrane, 896 F.2d 635 (1st Cir.), cert. denied, 58 U.S.L.W. 3785 (U.S.1990). Accordingly, we readily conclude that there was a proper showing of probable cause.
 
 
 22
 Finally, Parker claims the district court erred when it denied his motion for a judgment of acquittal on the 18 U.S.C. § 924(c) conviction resulting from the April 21, 1989, search of his residence. Because firearms were discovered in a location Parker used to facilitate illegal drug trafficking, we find this argument clearly meritless. See Smith, 914 F.2d at 568.
 
 IV.
 
 23
 Barefoot raises four claims concerning his sentence. He first argues that he should not have been granted a two-level upward adjustment for using a dangerous weapon during the commission of the offense. A two-level adjustment is appropriate if a dangerous weapon was possessed during commission of the offense. U.S.S.G. § 2D1.1(b)(1). Application of this adjustment is proper when such weapons are discovered in a place connected with drug trafficking unless it is clearly improbable that the weapons are connected with the offense. See United States v. Preakos, 907 F.2d 7, 8-9 (1st Cir.1990); United States v. McKeever, 906 F.2d 129, 134 (5th Cir.1990), cert. denied, 59 U.S.L.W. 3502 (U.S.1991). Because testimony established that on several occasions during 1988 and 1989 Barefoot kept firearms in the trailer which he used for drug trafficking, the district court's factual finding is not clearly erroneous and the adjustment was properly imposed. See United States v. Apple, 915 F.2d 899, 914 (4th Cir.1990).
 
 
 24
 Barefoot and Michael Parker also argue that the district court erred in calculating their base offense level by considering the eight kilograms of cocaine Barefoot had agreed to deliver to SBI agent Sweat in May 1989, which was part of the exchange ($200,000 and eight kilograms of cocaine for 500 pounds of marijuana) Sweat and Barefoot had negotiated. It is clear that the base offense level for defendants convicted of conspiring to commit any offense involving a controlled substance shall be the same as if the object of the offense was completed. U.S.S.G. § 2D1.4. See United States v. Riascos, 944 F.2d 442, 445 (8th Cir.1991). Therefore, Michael Parker and Barefoot were properly assigned a base offense level of thirty-two, which applies to defendants convicted of offenses involving between five and fifteen kilograms of cocaine.
 
 
 25
 Barefoot and Tucker next contend that they should not have received two-level adjustments for obstruction of justice. Testimonial evidence established that these two Appellants had both threatened potential witnesses and attempted to persuade them not to cooperate with authorities. Attempting to influence the testimony of a potential witness warrants an obstruction adjustment under U.S.S.G. § 3C1.1, see United States v. Cherif, 943 F.2d 692, 703 (7th Cir.1991), as does threatening or intimidating a witness. United States v. Brach, 942 F.2d 141, 145 (2d Cir.1991). Therefore, we conclude that the district court's finding in this regard is not clearly erroneous. See United States v. Saintil, 910 F.2d 1231, 1233 (4th Cir.1990).
 
 
 26
 Barefoot and Jerry Parker claim that they were improperly given adjustments for their role in the offense. The evidence clearly showed that Barefoot was the main supplier of cocaine to several of the co-conspirators, that he paid Tucker to deliver cocaine and marijuana for him, and that he was the distribution center for the cocaine sold by his organization. A four-level increase is appropriate if a defendant is an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). See United States v. Sheffer, 896 F.2d 842, 846-47 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S.1990). In light of the evidence admitted, the district court's finding that Barefoot qualified for this adjustment is not clearly erroneous.
 
 
 27
 Testimony also established that Jerry Parker obtained drugs from Barefoot which he would then consign to other co-conspirators such as Tucker and McGee. A three-level increase is appropriate if a defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(b). See United States v. Pierce, 893 F.2d 669, 676-77 (5th Cir.1990). The three-level adjustment assessed against Parker is not clearly erroneous on these facts.
 
 
 28
 McGee and Grimes claim that they should not have been sentenced under the enhanced sentencing provisions for repeat offenders under 18 U.S.C. § 924(c), since they received their first § 924(c) convictions in the same indictment which resulted in their subsequent convictions. However, no federal court which has considered this argument has held that for a defendant to be sentenced under the repeat offender provisions of 18 U.S.C. § 924(c), the second conviction must be received in a separate proceeding than the first. See e.g., United States v. Bennett, 908 F.2d 189, 194-95 (7th Cir.), cert. denied, 59 U.S.L.W. 3392 (U.S.1990); United States v. Nabors, 901 F.2d 1351, 1357-59 (6th Cir.), cert. denied, 59 U.S.L.W. 3249 (U.S.1990). We adopt that view and reject this argument.
 
 
 29
 Finally, we address Jerry Parker's contention that the district court erred by departing upward based on its finding that his criminal history level did not adequately reflect the seriousness of his past criminal conduct. The district court may depart upward if it finds reliable information showing that the criminal history category does not adequately reflect the seriousness of the defendant's past conduct. U.S.S.G. § 4A1.3. The district court's finding was based on the fact that Jerry Parker's convictions for conspiracy to commit armed robbery and conspiracy to dynamite the home of a state prosecutor were not counted in his criminal history category. We conclude that the district court properly found that these convictions were not adequately taken into consideration. Moreover, the district court did not abuse its discretion in deciding that departure was appropriate in this case. Therefore, the departure was proper. See United States v. Summers, 893 F.2d 63 (4th Cir.1990).
 
 V.
 
 30
 In conclusion, we reject the joint and individual claims raised by Appellants based on the prior discussion. Accordingly, the convictions and sentences for each Appellant are hereby
 
 
 31
 AFFIRMED.
 
 
 
 *
 No such instruction was requested by the defendants