961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Nerio ZULETA, Defendant, Appellant.
UNITED STATES, Appellee,
v.
Juvenal ZULETA, Defendant, Appellant.
 Nos. 91-1256, 91-1272.
 United States Court of Appeals,
First Circuit.
 May 15, 1992
 
 William V. Devine, Jr., by Appointment of the Court, for appellant Nerio Zuleta.
 Alton W. Wiley, Jr. with whom David A. Cooper was on brief for appellant Juvenal Zuleta.
 Zechariah Chafee, Assistant United States Attorney, with whom Lincoln C. Almond, United States Attorney, was on brief for appellee.
 Before Torruella, Circuit Judge, Campbell and Weis,* Senior Circuit Judges.
 WEIS, Circuit Judge.
 
 
 1
 Defendants Juvenal Zuleta and his brother Nerio pleaded guilty to counts of possession of cocaine and conspiracy. The charges against Juvenal and Nerio were based on the sale of three kilos of cocaine to an undercover officer on July 6, 1990, at Juvenal's apartment in Boston. The district court added a four level enhancement to Juvenal's guideline computation because he was an organizer or leader and a two level adjustments to Nerio's calculation on the finding that he was a supervisor. We affirm both judgments.
 
 
 2
 Between February and July, 1990, the government recorded eleven meetings or telephone calls between these defendants and a government informant. Before travelling to Colombia in April, Juvenal told the informant that during his absence she should contact Nerio.
 
 
 3
 After a proposed sale negotiated at a May 29, 1990, meeting failed to materialize, the informant made arrangements with Juvenal and Nerio for the July 6 purchase. When the informant arrived at Juvenal's apartment that day, he informed her that only two and one-half kilos were on hand but that the missing half kilo was expected shortly. Nerio then left the apartment and met co-defendants Luis Naranjo and John Corral outside. Nerio brought them into the apartment, and Corral delivered the half kilo.
 
 
 4
 After showing the three kilos to the informant, Juvenal went outside with her, entered the undercover officer's car with the drugs, and rode a short distance. Nerio, Naranjo, and Corral ran after the car, shouting "Where is the money?" When the car stopped, agents arrested Juvenal and the others.
 
 
 5
 Section 3B1.1(a) of the Sentencing Guidelines provides for an increase of four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Whether a defendant is an organizer or leader depends, among other things, on the exercise of decisionmaking authority, the nature of participation, the extent of planning, the degree of authority, and the number of participants. See Commentary 3 to § 3B.1; United States v. Preakos, 907 F.2d 7, 9-10 (1st Cir. 1990).
 
 
 6
 Section 3B1.1(c) provides for an enhancement of two levels for "an organizer, leader, manager or supervisor" of criminal activity. Enhancement under this subsection requires the participation of at least one other person, see United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990), but does not require the five person aggregation specified in section 3B1.1(a). Some of the considerations that govern the application of subsection (c) are enumerated in United States v. Calderon, 935 F.2d 9, 10-11 (1st Cir. 1991). They include recruitment of accomplices, degree of participation, extent of planning or organizing the offense, and the degree of control over others.
 
 
 7
 The district judge presided over the trials of the Zuletas' co-defendants and therefore had the benefit of that testimony as well as the presentence reports for Juvenal and Nerio. At the sentencing hearing, the court found that Juvenal coordinated the activities of seven convicted conspirators, controlled negotiations with the informant, procured the drugs and set the price for the July 6 sale. Thus, the court had "no difficulty in concluding that Juvenal Zuleta was the organizer or leader."
 
 
 8
 The record also establishes that Nerio participated with Juvenal in arranging the July 6 sale and obtaining the additional half kilo. Moreover, Nerio dealt directly with the informant when Juvenal was absent. His role in the organization was aptly described by the sentencing judge as that of "a lieutenant in this army."
 
 
 9
 We review the district court's findings under the clearly erroneous test. United States v. Akitoye, 923 F.2d 221, 227 (1st Cir. 1991). The findings here are amply supported by the record.
 
 
 10
 Juvenal took the leading role in setting up the July 6 transaction that took place in his apartment. He took the cocaine to the agent's car so that he could receive the money. Juvenal made it clear that, during his absence in Colombia, Nerio was to act as his deputy. In securing the additional half kilo, Juvenal called upon his brothers Jorge and Luis as well as Corral and Naranjo thus involving five persons in addition to himself.
 
 
 11
 The trial court's finding that Nerio acted as a manager or supervisor-in the court's words-"a lieutenant" is fully justified by the facts. His acting as Juvenal's deputy while he was in Columbia was significant as was Nerio's conduct in securing the additional cocaine necessary to meet the three kilo commitment. In the circumstances here, Nerio's sentence was appropriate under the Guidelines.
 
 
 12
 The district court judgments on both defendants are therefore
 
 
 13
 Affirmed.
 
 
 
 *
 Of the Third Circuit, sitting by designation