[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1433

 UNITED STATES,

 Appellee,

 v.

 ROBERT A. SMITH,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 

 Before

 Selya, Circuit Judge, 
 Campbell, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Van L. Hayhow on brief for appellant. 
Sheldon Whitehouse, United States Attorney, Margaret E. Curran 
and Richard W. Rose, Assistant United States Attorneys, on brief for 
appellee.

 

 October 10, 1997
 

 Per Curiam. We have carefully reviewed the briefs of 

the parties and the record on appeal, and we affirm.

Appellant Robert Smith ("Smith") challenges his sentence on

bank fraud charges. He claims the district court erred in

concluding he was an "organizer or leader" of the bank fraud

scheme, and so it erred in enhancing his sentence pursuant to

U.S.S.G. 3B1.1(a). We give the district court's findings

"due deference" and reverse only for clear error. 18 U.S.C.

 3742(e); United States v. Tejada-Beltran, 50 F.3d 105, 110 

(1st Cir. 1995).

 No clear error was committed. The uncontroverted

evidence at sentencing showed Smith decided where to make

deposits and withdrawals and when and how much to withdraw.

He accompanied many of the recruits to the banks and took

physical possession of the money. He gave each recruit 25

per cent of the proceeds and kept the larger portion for

himself and his three co-conspirators. He recruited many of

the 29 individuals whose bank accounts were used for the

scheme. Thus, Smith exercised decision-making authority,

participated heavily in the ongoing scheme, recruited

accomplices, claimed a larger share of the fruits of the

crime (for himself and his three co-conspirators), and

exercised control and authority over the recruits. See 

U.S.S.G. 3B1.1 n.4.

 -2-

 Smith's counsel suggests Smith took instructions from

other participants in the scheme. But there is no evidence

in the record to support counsel's version of the facts.

Even if this evidence were present, the court still did not

commit clear error in concluding Smith was an "organizer or

leader;" ample evidence existed to satisfy the other factors

listed in the sentencing guideline commentary. The court

need not find every listed factor in order to find a

defendant was a "leader or organizer." United States v. 

Preakos, 907 F.2d 7, 9 (1st Cir. 1990). 

 Affirmed. Loc. R. 27.1. 

 -3-