USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1433 UNITED STATES, Appellee, v. ROBERT A. SMITH, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Van L. Hayhow on brief for appellant. _____________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and Richard W. Rose, Assistant United States Attorneys, on brief for ________________ appellee. ____________________ October 10, 1997 ____________________ Per Curiam. We have carefully reviewed the briefs of ___________ the parties and the record on appeal, and we affirm. Appellant Robert Smith ("Smith") challenges his sentence on bank fraud charges. He claims the district court erred in concluding he was an "organizer or leader" of the bank fraud scheme, and so it erred in enhancing his sentence pursuant to U.S.S.G. 3B1.1(a). We give the district court's findings "due deference" and reverse only for clear error. 18 U.S.C. 3742(e); United States v. Tejada-Beltran, 50 F.3d 105, 110 _______________________________ (1st Cir. 1995). No clear error was committed. The uncontroverted evidence at sentencing showed Smith decided where to make deposits and withdrawals and when and how much to withdraw. He accompanied many of the recruits to the banks and took physical possession of the money. He gave each recruit 25 per cent of the proceeds and kept the larger portion for himself and his three co-conspirators. He recruited many of the 29 individuals whose bank accounts were used for the scheme. Thus, Smith exercised decision-making authority, participated heavily in the ongoing scheme, recruited accomplices, claimed a larger share of the fruits of the crime (for himself and his three co-conspirators), and exercised control and authority over the recruits. See ___ U.S.S.G. 3B1.1 n.4. -2- Smith's counsel suggests Smith took instructions from other participants in the scheme. But there is no evidence in the record to support counsel's version of the facts. Even if this evidence were present, the court still did not commit clear error in concluding Smith was an "organizer or leader;" ample evidence existed to satisfy the other factors listed in the sentencing guideline commentary. The court need not find every listed factor in order to find a defendant was a "leader or organizer." United States v. _________________ Preakos, 907 F.2d 7, 9 (1st Cir. 1990). _______ Affirmed. Loc. R. 27.1. _________ -3-