**UNITED STATES of America, Appellee,**

v.

**Robert WIEGERS, Appellant.**

**No. 90–1462.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Nov. 14, 1990.

Daniel P. Reardon, Jr., Clayton, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

A jury convicted Robert Wiegers of four related drug offenses. Wiegers appeals his conviction and sentence. We affirm.

I.

A family conspiracy of John Penn, Alvin Penn, and James Penn contacted Wiegers to obtain a large quantity of cocaine. Wiegers flew to Chicago to arrange the purchase of ten kilos from Albert Sudzus and Edward O'Brien. Wiegers drove John Penn from Kansas City to St. Louis to consummate the transaction, which Wiegers had arranged to take place in three rooms at the Marriott Hotel.

Once at the Marriott, the Penns stayed in one room while Wiegers made several trips to another room that housed Sudzus and O'Brien with the cocaine. Wiegers directed that 20 ounces of cocaine be removed from the ten kilos. When John Penn called the undercover FBI agent to trigger the exchange, the agent changed the site of the transaction to the Holiday Inn. Wiegers then introduced John Penn to Sudzus and O'Brien.

Wiegers, Sudzus, and John Penn went to the Holiday Inn, where they were arrested after selling nine and a half kilograms of cocaine to undercover FBI agents. John Penn and Sudzus told the agents about the

other hotel rooms, the rest of the cocaine, and the other three dealers. The agents arrested Alvin and James Penn at the Marriott and went to O'Brien's room to secure the rest of the cocaine. The agents sealed the room and obtained a search warrant based on John Penn's and Sudzus' information, ultimately seizing the remainder of the ten kilos of cocaine.

The district court[1] imposed upon Wiegers a sentence of two hundred thirty-five months' imprisonment, five years' supervised release, and a two hundred dollar special assessment.

## II.

Wiegers contests the increase in his sentence for being an organizer in a conspiracy involving five people.

■ Section 3B1.1(a) of the Sentencing Guidelines directs that a defendant's offense level be increased by four levels if he is found to be an organizer or leader in a crime with five or more participants. Whether a defendant was an organizer or leader in a ring of five or more criminals under section 3B1.1(a) is a factual determination for the district judge that we review under the clearly erroneous standard. *United States v. Wayne*, 903 F.2d 1188, 1198 (8th Cir.1990).

■ In his capacity as the connection between Chicago and St. Louis in this five-person drug trafficking ring, Wiegers brought the other participants together and set up the locale of the cocaine deal. Wiegers flew to Chicago, arranged for the hotel rooms, cut part of the cocaine, communicated between groups of dealers, and participated in the drug sale to FBI agents. We agree with the district court's finding that Wiegers was an organizer of a five person criminal enterprise. Therefore, we conclude that the district court correctly added four levels to Wiegers' offense level pursuant to Guidelines § 3B1.1(a).

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

## III.

We have considered and find to be without merit Wiegers' contention that the district court erred in denying his motion to supress the evidence seized from the room at the Marriott Hotel.

## Conclusion

We affirm both the judgment and the sentence.