**UNITED STATES of America, Appellee,**

v.

**Santiago BLANDINO, Appellant.**

**No. 91–2735.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1992.

Decided Jan. 27, 1992.

Stephen R. Fleddermann, St. Charles, Mo., for appellant.

Patricia A. McGarry, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Santiago Blandino appeals his sentence of 122 months imposed by the district court[1] after he pleaded guilty to drug offenses. We affirm.

Blandino pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The presentence report (PSR) concluded that Blandino was an organizer or leader of the criminal activity which had involved five or more participants, and assessed a four-level increase to Blandino's base offense level. *See* U.S.S.G. § 3B1.1(a) (four-point increase if defendant was organizer or leader of a criminal activity involving five or more participants or that was otherwise extensive). At sentencing, Blandino conceded he had controlled

---

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of   Missouri.

four of the participants, but maintained he had not controlled two others, Kevin Larkin and Kavin Kimble, because they were buyers of Blandino's cocaine and acted independently of him.[2] The district court agreed with the government that Blandino had controlled Larkin and Kimble through Juan Mota, one of Blandino's subordinates, and adopted the probation officer's recommendation to assess the four-level enhancement. Blandino appeals the enhancement, reasserting that he had no authority or control over Larkin or Kimble.

■■■ We will accept a district court's finding that the defendant was an organizer or leader for purposes of section 3B1.1(a) unless it is clearly erroneous. *United States v. Yerks*, 918 F.2d 1371, 1375 (8th Cir.1990). The PSR indicates Larkin and Kimble told Mota they did not have the money to purchase the cocaine, and they then agreed with Mota to go out with him to distribute Blandino's cocaine. The PSR also indicates Larkin and Blandino had had direct telephone contact. The district court's finding that Blandino controlled Larkin and Kimble, through Mota, is not clearly erroneous. *See United States v. Johnson*, 906 F.2d 1285, 1291–92 (8th Cir.1990) (finding that defendant is leader or organizer does not necessarily mean he is directly controlling others).

Accordingly, we affirm Blandino's sentence.

**2.** Blandino does not assert that he should not be counted as one of the five participants. There is authority from other circuits that a defendant may be included among the participants in an offense for purposes of section 3B1.1(a). *See United States v. Reid*, 911 F.2d 1456, 1464 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991); *United States v. Barbontin*, 907 F.2d 1494, 1498 (5th Cir.1990); *United States v. Preakos*, 907 F.2d 7, 10 (1st Cir.1990) (per curiam).