**UNITED STATES of America, Appellee,**

v.

**Earl Lester HARRY, Appellant.**

**No. 91–2021.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1991.

Decided March 13, 1992.

52

Lorraine Sneed Ingels, Cedar Rapids, Iowa, argued (Gary L. Robinson, on brief) for appellant.

Daniel Christopher Tvedt, Cedar Rapids, Iowa, argued, for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

WOLLMAN, Circuit Judge.

Earl Harry appeals from the sentence imposed on him by the district court[1] after pleading guilty to two counts of drug-related charges. We affirm.

1. The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit.

## I.

Earl Harry (Harry) was involved in a drug distribution network from sometime in 1988 through August of 1990. Harry and Mike Woodward (Woodward) obtained large amounts of cocaine and marijuana from Jesse Lopez, who lived in Chicago. They then distributed the drugs to others for resale in Iowa and Wisconsin. Although Woodward usually met with Lopez to obtain the drugs, Harry also met with Lopez on several occasions. Woodward generally handled the cocaine, while Harry generally handled the marijuana. Woodward's wife, Lynn, kept records for Woodward, and Harry's wife, Juanita, kept records for Harry.

Gary Harry (a cousin) was one of the persons to whom Woodward distributed cocaine for resale. Harry introduced his cousin to Woodward. He knew that his cousin was obtaining cocaine from Woodward and that Woodward was a major source of cocaine in the area. After Woodward was severely injured in an accident and could no longer supply Gary with cocaine, Harry took Gary to Chicago to meet with Lopez, who refused to deal directly with Gary without approval from Harry. Gary Harry was eventually arrested and agreed to cooperate with police; this cooperation led to Harry's arrest.

Harry pled guilty to conspiracy to distribute and possession with intent to distribute cocaine and marijuana. Based on the amounts of drugs attributed to Harry in the presentence report, the district court set Harry's base offense level at twenty-six. The court then increased the base level by four levels for Harry's role in the conspiracy pursuant to section 3B1.1(a) of the Sentencing Guidelines. The court then decreased the offense level by two levels for Harry's acceptance of responsibility pursuant to section 3E1.1(a) of the Guidelines. Harry's offense level was then twenty-eight, which, when combined with his criminal history points, resulted in a sentencing range of 97–121 months. The district court sentenced Harry to 121 months' imprisonment and five years of supervised release.

On appeal, Harry claims that the district court erred in adjusting upward for his role in the offense because he was not an organizer in the conspiracy, the conspiracy did not involve five or more participants, and the conspiracy was not otherwise extensive.

## II.

The Sentencing Guidelines allow a sentencing court to adjust the base offense level for the defendant's role in the offense. *See* United States Sentencing Commission, *Guidelines Manual*, ch. 3, Part B (Nov. 1990). The court is directed to increase the base offense by four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The district court found that Harry was an organizer in the conspiracy, that the conspiracy had more than five participants, and that the conspiracy was otherwise extensive.

■ We review a district court's determination of a defendant's role in the offense under a clearly erroneous standard. *United ed States v. Wiegers*, 919 F.2d 76, 77 (8th Cir.1990). We may reverse only when we are left with the definite and firm conviction that a mistake has been made. *United States v. Williams*, 890 F.2d 102, 104 (8th Cir.1989) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Harry first argues that the increase was inappropriate because there were not five or more participants in the conspiracy. This argument is without merit. First, Harry himself was a participant. U.S.S.G. § 3B1.1, comment. (n.1) ("A 'participant' is a person who is criminally responsible for the commission of the offense."). *See also United States v. Blandino*, 954 F.2d 1436, 1437 n.2 (8th Cir.1992) (per curiam); *United ed States v. Preakos*, 907 F.2d 7, 10 (1st Cir.1990) (per curiam) (defendant is to be counted as a participant for section 3B1.1(a) purposes). Second, Harry admits in his brief that he conspired with Gary Harry, Woodward, and Lopez. Third, Har-

ry's wife, Juanita, was indicted and found guilty in this same conspiracy. This totals five conspirators. In addition, the district court found that Lynn Woodward was a participant in her role as bookkeeper for Woodward, and the record supports this finding.

Harry argues that he was a member not of one large conspiracy, but of three smaller conspiracies. We reject this characterization of the crimes committed. Harry admitted at the plea hearing that the purpose of the conspiracy in which he was involved was to distribute both marijuana and cocaine. He and Woodward obtained large amounts of both drugs from Lopez, and they worked together to distribute them. Each knew that the other was selling drugs to third parties for resale. Harry brought his cousin, Gary, into an established network of persons who distributed drugs. Indeed, a March 1989 cocaine and marijuana transaction involved Jesse Lopez, Harry, Woodward, and Gary Harry at Gary's home. Accordingly, we find no error in the district court's finding that Harry was involved in one conspiracy involving five or more participants.

■ Harry next argues that the conspiracy was not "otherwise extensive." To impose an increased sentence under section 3B1.1(a), the sentencing court must find that the criminal activity involved five or more participants *or* be otherwise extensive. We have already decided that the conspiracy involved five or more participants. Thus, the conspiracy need not also have been otherwise extensive in order for the level increase to be appropriate.

■ In any event, we note that there is ample evidence in the record to support the district court's finding that this conspiracy was otherwise extensive. When determining whether an organization is "otherwise extensive," a court should consider "all persons involved during the course of the entire offense." U.S.S.G. § 3B1.1, comment. (n.2). Woodward was receiving one pound of cocaine approximately twice a month for eighteen months. Harry received several shipments of large quantities of marijuana. Lopez, on occasion,

brought other distributors with him from Chicago, and Woodward and Harry distributed drugs to Lloyd Michael Harry (another cousin), Francis Krier, Duane Clasen, and Joe Tracy. We find no error in the district court's finding that this conspiracy was otherwise extensive.

Finally, Harry argues that he was not an organizer of the conspiracy. He was at most, he contends, a manager or supervisor, a status that would result in a three level increase rather than a four level increase, and a sentencing range of 87–108 months. *See* U.S.S.G. § 3B1.1(b).

■ The Sentencing Guidelines direct courts to consider several factors in deciding whether a defendant has played a leadership role in a criminal enterprise. These factors include: the exercise of decision-making authority, the nature of the defendant's participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the profits, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n. 3). As we observed in *United States v. Collar*, 904 F.2d 441, 442 (8th Cir.1990), section 3B1.1 "employs a very broad definition of what constitutes a 'leadership and organizational role.'" Moreover, a defendant need not have directly controlled others in the organization to have functioned as an organizer. *United States v. Johnson*, 906 F.2d 1285, 1291–92 (8th Cir.1990).

■ The district court found that Harry introduced Gary Harry to Woodward and to Lopez and told them that they could do business with Gary. The court also found that Harry was able to come up with two ten-ounce quantities of cocaine for Gary Harry after Woodward's accident. Although Harry produced some contradictory evidence, the court obviously disbelieved those witnesses. In addition, Harry admits in his brief that he made a profit of $100 per pound of marijuana, that he was a middleman between Gary Harry and Wood-

ward and between Gary Harry and Lopez, and that he sold marijuana to others for further resale. Thus, Harry's activities satisfied several of the factors set out in the Guidelines. He exercised some decision-making authority by determining the amount of marijuana to be obtained from Lopez and by determining when and to whom he would resell the drug. He participated not on a low level in the distribution of drugs, but high up in the chain of distribution. He recruited Gary Harry to sell drugs for Woodward. He received a profit on every pound of marijuana he sold. He and Woodward planned the ordering, storage, and redistribution of the cocaine and marijuana. The conspiracy involved at least six conspirators and at least four other distributors selling large amounts of drugs in Wisconsin and Iowa. Harry exercised some control and authority over Juanita Harry and those to whom he sold marijuana for resale. Given this evidence of Harry's role in the drug distribution, we cannot say that the district court's determination that Harry was an organizer of this drug conspiracy is clearly erroneous.

The sentence is affirmed.