5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Michael RANDLE, Appellant.
 No. 93-1265.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 6, 1993.
Filed: September 8, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 
 PER CURIAM
 
 1
 Michael Randle appeals the concurrent twelve-month sentences imposed after he pleaded guilty to conspiring to defraud the United States and to using a false social security number in violation of 18 U.S.C. Sec. 286 and 42 U.S.C. Sec. 408. He argues that the district court[1] erred in increasing his base offense level by four based on his leadership role in the offense. We affirm.
 
 
 2
 Randle prepared fraudulent income tax returns for himself and ten others resulting in an intended loss of $16,357. Randle's presentence report recommended that his base offense level be increased by four levels under U.S.S.G. Sec. 3B1.1(a):
 
 
 3
 If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 4
 The district court imposed the four-level enhancement over Randle's objection and sentenced him at the bottom of his resulting Guidelines range. Randle's appeal is limited to this issue. We review a district court's determination of a defendant's role in the offense under the clearly-erroneous standard, and may reverse only when we are left with the "definite and firm conviction that a mistake has been made." United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992).
 
 
 5
 Relying on United States v. Belletiere, 971 F.2d 961, 969 (3d Cir. 1992), Randle argues that the enhancement applies only when a defendant organizes or leads five or more participants who work together to commit one or more offenses. Likening his tax preparation efforts to a series of independent conspiracies, Rangle asserts, as he did below, that his offense did not involve a group effort, but rather a series of solitary crimes.
 
 
 6
 However, Sec. 3B1.1(a) also applies if the defendant's criminal activity was "otherwise extensive," and the district court expressly relied upon Application Note 2, which explains the "otherwise extensive" concept, in concluding that Randle warranted this enhancement. After carefully reviewing the record, we conclude that the district court's determination was not clearly erroneous. Randle prepared false tax returns for ten other persons. He recruited relatives and friends, including an eighteen year old niece and her seventeen year old friend, into his scheme to claim false dependent exemptions and fraudulent day care expenses. He developed two types of fraudulent returns; prepared each filer's return, usually for a fee; instructed filers how to file returns electronically and apply for refund anticipation loans; and was arrested while transporting three individuals to a local H & R Block office to pick up their refund loan checks.
 
 
 7
 Regardless of whether the other participants were members of a single conspiracy, this conduct warrants the finding that Randle was the organizer or leader of an extensive criminal activity. See United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir. 1992), cert. denied, 113 S. Ct. 2447 (1993).
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri