**UNITED STATES of America, Appellee,**

v.

**Gordon W. KENYON, Jr., Appellant.**

No. 92–3379.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1993.

Decided Oct. 21, 1993.

**784**

James A. Eirinberg, Sioux Falls, SD, argued, for appellant.

Le Ann Larson LaFave, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Gordon W. Kenyon, Jr., pled guilty to one count of conspiracy to possess with intent to deliver cocaine. The district court imposed a 210–month sentence, and Kenyon appealed. We affirm Kenyon's conviction but remand for resentencing.

### I.

Kenyon's drug-trafficking activities began in June 1991, when he agreed with co-defendants Mike Wichner and Jim Breyfogle to obtain cocaine from Colorado and resell it in South Dakota. Between July 1991 and February 1992, Kenyon and his four co-defendants made five trips to Colorado to obtain cocaine.

On November 5, 1991, after Kenyon's fourth trip to Colorado, law enforcement officers executed a search warrant. The door was barricaded, and before the officers could enter, Kenyon disposed of an estimated nine ounces (255 grams) of cocaine by flushing it down a toilet. Officers eventually found drug paraphernalia, marijuana residue, cocaine residue, loaded shotguns, and an illegal firearm. On January 16, 1992, a federal grand jury returned a one-count indictment against Kenyon, charging him with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). A warrant for Kenyon's arrest was issued, but the docket sheet shows he was neither arrested nor arraigned.

On February 27, 1992, following his fifth trip to Colorado to obtain cocaine, Kenyon attended a party in Vermillion, South Dakota, where drugs were present. Law enforcement officers raided the party and arrested Kenyon and others. On March 9, 1992, Kenyon was indicted in Clay County, South Dakota, for possession of cocaine, possession of methamphetamine, possession of less than one-half pound of marijuana, and inhabiting a room where controlled substances were stored or used. On March 18, 1992, he pled guilty in Clay County to one count of possession of cocaine and was sentenced to five years in the South Dakota State Penitentiary, the sentence to run concurrent with any sentence later imposed for pending federal charges.

Meanwhile, federal authorities also were investigating Kenyon's drug-trafficking activities. On March 26, 1992, the government filed a superseding indictment in this case adding allegations of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and engaging in interstate travel in aid of a racketeering enterprise. On May 17, 1992, Kenyon and the government entered into a plea agreement. On June 15, 1992, Kenyon entered a plea of guilty to conspiracy to possess with intent to distribute cocaine. On September 14, 1992, the district court heard objections to the presentence report, received evidence, and sentenced Kenyon to 210 months of imprisonment and six years of supervised release. Kenyon now appeals, challenging his sentence and the representation he received from his trial counsel prior to his plea.

### II.

■ Kenyon first contends that he received ineffective assistance from his trial counsel. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 687, 104

S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). He believes his trial counsel should not have advised him to plead guilty in state court before criminal proceedings in federal court, should have properly advised him of the likely sentencing range, and should have objected to the presentence report's statements that he obstructed justice and was a leader of the conspiracy.

Kenyon has raised these issues for the first time in this appeal. Claims of ineffective assistance of counsel are best presented on motions filed pursuant to 28 U.S.C. § 2255. This court will not consider an ineffective assistance claim on direct appeal if the claim has not been presented to the district court so that a proper factual record can be made. *See United States v. Petty*, 1 F.3d 695, 696 (8th Cir.1993); *United States v. Williams*, 994 F.2d 1287, 1290–91 (8th Cir. 1993). Thus, we decline to address the merits of this argument.

### III.

■ Kenyon challenges the district court's finding that he is responsible for 19 ounces (539 grams) of cocaine. Kenyon argues that the district court should have found that, on his third trip to Colorado, he brought only two ounces (57 grams) of cocaine into South Dakota, not four ounces (113 grams). This court will reverse a district court's finding on this issue only if the district court's findings are clearly erroneous. 18 U.S.C. § 3742(e) (1988); *United States v. Edwards*, 994 F.2d 417, 422–23 (8th Cir.1993).

At the sentencing hearing, Duane Dahl, Special Agent of the South Dakota Division of Criminal Investigation, testified on direct examination that Kenyon transported four ounces of cocaine from Colorado to South Dakota on his third trip. (Sent. Tr. at 8–9, 14–15.) Dahl based this conclusion on statements made by co-defendants Jim Breyfogle, Vicki Breyfogle, and Mike Wichner. (*Id.* at 15.) Although Dahl's testimony on cross-examination is somewhat confusing, (*id.* at 17), he did not clearly contradict his conclusion that the third trip yielded four ounces of cocaine. The district court could properly have found that Dahl's conclusion was credible and that his testimony, as a whole, was

sufficient to meet the preponderance-of-the-evidence standard. *See United States v. Funk*, 985 F.2d 391, 394 (8th Cir.) ("question[s] of witness credibility and weight of the evidence ... are entitled to particularly great deference"), *cert. denied*, —— U.S. ——, 113 S.Ct. 2948, 124 L.Ed.2d 695 (1993). The district court's finding that Kenyon transported four ounces (113 grams) of cocaine from Colorado to South Dakota on his third trip is not clearly erroneous.

### IV.

■ Kenyon next challenges the adjustment to his offense level based on his role in the offense. The district court increased Kenyon's offense level by four levels after finding that Kenyon was an "organizer or leader" of the drug conspiracy. *See* U.S.S.G. § 3B1.1(a). Kenyon did not object to this finding at the sentencing hearing. He contends on appeal, however, that the criminal activity did not involve five or more persons and was not otherwise extensive. He further contends that, even if the conspiracy involved five or more persons or was extensive, he was not an organizer or a leader but merely a "manager or supervisor (but not an organizer or leader)," and thus should receive only a two-level increase in his offense level. *See* U.S.S.G. § 3B1.1(b).

Ordinarily, this court would reverse a district court's finding on this issue only if the district court's findings are clearly erroneous and "we are left with the definite and firm conviction that a mistake has been made." *United States v. Harry*, 960 F.2d 51, 53 (8th Cir.1992). Because Kenyon did not object to this finding at the district court, we will reverse only if the district court committed plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, —— U.S. ——, —— —— ——, 113 S.Ct. 1770, 1776–79, 123 L.Ed.2d 508 (1993); *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir.1993) (en banc).

■ By any standard of review, Kenyon's argument is without merit. First, four other co-defendants were convicted and sentenced for crimes related to the criminal activity of which Kenyon is guilty. Because Kenyon himself is counted as a participant in the

criminal activity, *see Harry,* 960 F.2d at 54, five persons constituted the criminal organization. Thus, Kenyon's criminal activity was sufficiently extensive to allow a four-level increase in his offense level. Second, the record demonstrates in several ways that Kenyon organized and led the criminal activity. When Kenyon and Wichner started the conspiracy in July 1991, only Kenyon knew the Colorado person who supplied the cocaine. Kenyon traveled to Colorado five times to obtain cocaine, but no co-defendant was present on more than three of these five trips. And defense counsel stated at the sentencing hearing that "everybody has called [Kenyon] the ringleader in a series of sentencings that [the court] has had here and, you know, we have to commend Mr. Kenyon for accepting that." (Sent. Tr. at 24.) Thus, the district court did not commit plain error when it increased Kenyon's offense level by four levels due to his role in the offense.

### V.

Kenyon next challenges the adjustment to his offense level on the ground that he obstructed justice. The district court increased Kenyon's offense level by two levels after finding that Kenyon obstructed the administration of justice on November 5, 1991, when he flushed cocaine down a toilet. *See* U.S.S.G. § 3C1.1. Kenyon did not object at sentencing to this finding. He contends on appeal, however, that the district court misapplied the Sentencing Guidelines. We ordinarily would review a district court's interpretation of the Guidelines *de novo. United States v. Baker,* 961 F.2d 1390, 1392 (8th Cir.1992). Because Kenyon did not object at the district court, we will reverse only if the district court committed plain error. *See* Fed.R.Crim.P. 52(b); *Olano,* —— U.S. at ——–––——, 113 S.Ct. at 1776–79; *Montanye,* 996 F.2d at 192.

■ A district court should adjust a defendant's offense level upward by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Obstruction of justice includes threatening or intimi-

dating witnesses, committing or suborning perjury, falsifying records, making false statements, escaping from custody, or failing to appear at judicial proceedings. *See* U.S.S.G. § 3C1.1, comment. (3). In some circumstances, a defendant may receive a two-level adjustment for destroying material evidence. If, however, a defendant destroys material evidence "contemporaneously with arrest" and has not thereby caused a "material hindrance" to the investigation, prosecution, or sentencing, then his conduct is, by itself, insufficient to justify a two-level adjustment for obstruction of justice. U.S.S.G. § 3C1.1, comment. (3(d)); *United States v. Lamere,* 980 F.2d 506, 515 & n. 6 (8th Cir. 1992).

Kenyon essentially concedes in his briefs to this court that he disposed of cocaine by flushing it down a toilet on November 5, 1991. Kenyon argues, however, that the district court should not have adjusted his offense level under § 3C1.1 because his conduct was contemporaneous with his arrest and did not materially hinder the judicial process. The government concedes that Kenyon disposed of evidence contemporaneously with the officers' execution of the search warrant, but it argues that Kenyon's destruction of evidence was a material hindrance to the investigation, prosecution, and sentencing.

Law enforcement officers had credible information that Kenyon was in possession of cocaine on November 5, 1991. Because of Kenyon's destruction of the evidence, agents were able to seize only cocaine residue. The government did not initiate a drug prosecution at that time. In our view, Kenyon could have had no other intent than to hinder his potential prosecution when he destroyed the evidence of his criminal wrongdoing. It appears that agents did not have physical evidence of Kenyon's drug-trafficking activities until they arrested him at the Vermillion party on February 27, 1992. Kenyon's destruction of evidence thus caused a four-month delay in the investigation. The district court could have reasonably concluded that Kenyon's destruction of evidence materially hindered the investigation and prosecution of his criminal activities. *See United*

*States v. Sykes,* 4 F.3d 697, 699 (8th Cir.1993) (holding that defendant materially hindered investigation when he destroyed evidence, forcing investigators to wait for the evidence to be reconstructed); *see also United States v. Perry,* 991 F.2d 304, 312 (6th Cir.1993) (holding that defendant did not materially hinder investigation when he disposed of evidence because he "did not subvert the investigation" and "did not effect a delay in the prosecution of his crime"). We hold that the district court correctly adjusted Kenyon's offense level for his obstruction of justice. We further conclude that the district court's determination of Kenyon's final adjusted offense level of 32 is correct.

## VI.

■ In Kenyon's final claim on appeal, he challenges the district court's determination that he is in criminal history category VI. The district court determined that Kenyon's final adjusted offense level was 32 and that he had seven criminal history points, which put him in criminal history category IV. The district court then determined that because of his prior convictions for drug offenses, Kenyon was a Career Offender, *see* U.S.S.G. § 4B1.1, thus boosting his criminal history category to VI. The district court computed a sentencing range of 210 to 262 months (Level 32—Category VI) and imposed a sentence of 210 months. We review a district court's application of the Guidelines *de novo, United States v. Watson,* 952 F.2d 982, 990 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992), and we review a district court's factual determinations on this issue for clear error, *United States v. Lowe,* 930 F.2d 645, 646–47 (8th Cir.1991).

Kenyon argues that his most recent state-court conviction, reported at paragraph 38 of the presentence report (PSR), should not be scored for criminal history purposes. A defendant should be given three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The term "prior sentence," as used by § 4A1.1(a), includes "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the

instant offense." U.S.S.G. § 4A1.2(a)(1). "Conduct is not part of the offense of conviction when the conduct is a severable, distinct offense. To make this factual determination, the district court considers several factors, including temporal and geographical proximity, common victims, and a common criminal plan or intent." *United States v. Blumberg,* 961 F.2d 787, 792 (8th Cir.1992) (citing *United States v. Beddow,* 957 F.2d 1330, 1338 (6th Cir.1992), and *United States v. Banashefski,* 928 F.2d 349, 353 (10th Cir.1991)).

Kenyon pled guilty in state court to a charge that he possessed cocaine on February 27, 1992 (the Vermillion cocaine). In the instant offense, Kenyon pled guilty to an allegation that "[o]n or between September, 1991 and February 28, 1992," he and others did "knowingly and intentionally conspire [to] possess with intent to distribute cocaine." (Jt.App. at 2.) The conduct for which Kenyon was convicted in state court comprises part of the conduct alleged in the count to which Kenyon pled guilty in this case. The government conceded at oral argument that if Kenyon had gone to trial on the conspiracy count, it probably would have offered the Vermillion cocaine as substantive evidence of the conspiracy. Furthermore, Kenyon's state-court offense was part of the same criminal scheme, and was committed within the same time period, as this offense. Thus, Kenyon's state-court conviction for possession of cocaine on February 27, 1992, clearly does not constitute "conduct not part of the instant offense." *See* U.S.S.G. § 4A1.2(a)(1). The district court erred when it included the sentence imposed on Kenyon by the state court on May 18, 1992, for criminal history purposes.

■ Under U.S.S.G. § 4B1.2(3), a prior felony conviction must be able to be counted separately for criminal history purposes before it can be a predicate felony offense for the career offender guideline. The district court used the May 18, 1992, conviction as one of the predicate felony convictions for its career offender determination. It was reversible error to do so. Remand is required for resentencing.

**788**

On remand, the district court should reconsider whether Kenyon may properly be sentenced as a career offender. A defendant may be sentenced as a career offender only if he "has at least two prior convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. When determining the number of prior convictions for controlled substance offenses, a district court may include only violations of a law prohibiting "the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(2). Simple possession of a controlled substance may not be used to satisfy the requirements of § 4B1.1. *See United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir.1992); *United States v. Galloway*, 937 F.2d 542, 549 (10th Cir.1991).

It appears that Kenyon may not have the two prior drug convictions necessary, which are separately countable for criminal history purposes, to find that he is a career offender. The presentence report stated that Kenyon has three prior convictions "involving" controlled substances. Each of these three controlled substance convictions appearing at paragraphs 35, 37, and 38 of the PSR are described simply as "possession." The conviction at paragraph 35 received zero points in the PSR's calculation of criminal history (because of its age), and the conviction reported at paragraph 38 is not countable for the reasons stated above. That leaves only the conviction reported in paragraph 37, and it makes no reference to possession with intent to distribute. We call these matters to attention so that they may be explored at the resentencing.

### VII.

We reverse the district court's calculation of Kenyon's criminal history category, we affirm the district court in all other respects, and we remand for resentencing consistent with this opinion.