62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Sosimo REYES-ROSAS, Appellant.
 No. 94-4027.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 25, 1995.
Filed: Aug. 11, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sosimo Reyes-Rosas, a Mexican citizen, appeals his conviction and sentence following his guilty plea to one count of being an alien found in the United States without the consent of the Attorney General after previously being deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. Secs. 1326(a) & 1326(b)(2). At his change of plea hearing, Reyes- Rosas admitted that he had been convicted in Oregon for delivery of a controlled substance (cocaine) on September 4, 1992, that he had been deported back to Mexico on March 12, 1993, and that when arrested in June 1994, he was in the United States without permission.
 
 
 2
 Pursuant to a plea agreement, the government agreed, inter alia, to recommend a downward departure pursuant to U.S.S.G. Sec. 5K1.1, based on Reyes-Rosas's substantial assistance. The PSR calculated a base offense level of 8 pursuant to U.S.S.G. Sec. 2L1.2, a 16-level upward adjustment pursuant to U.S.S.G. Sec. 2L1.2(b)(2), and a 3-level downward adjustment for acceptance of responsibility. Reyes-Rosas's total offense level was 21, Criminal History Category III, resulting in a Guidelines range of 46 to 57 months. At sentencing, Reyes-Rosas asked that the court depart downward by 38 months, and the government recommended that the court depart downward by one-third of the sentence imposed. The district court[1] stated that, based on factors in the case, it would depart downward further than the government had recommended. It sentenced Reyes- Rosas to 24 months imprisonment, two years supervised release, and a special assessment.
 
 
 3
 On appeal, Reyes-Rosas's appointed counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although we granted Reyes-Rosas leave to file a supplemental brief, he has not done so.
 
 
 4
 The Anders brief argues Reyes-Rosas's trial counsel was ineffective at sentencing. Any ineffective-assistance claim should be presented in a 28 U.S.C. Sec. 2255 motion, because it was not presented to the district court below. See United States v. Kenyon, 7 F.3d 783, 785 (8th Cir.1993) (ineffective assistance claim best presented in Sec. 2255 motion; will not be considered on direct appeal unless claim has been presented to district court so that proper factual record can be made).
 
 
 5
 The Anders brief also argues that the district court abused its discretion in not departing downward further then it did. However, the extent of a district court's downward departure is not reviewable on appeal. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir.1993) (no appellate review of extent of district court's downward departure, regardless of reasons for refraining to depart further); United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir.1990) (appellate court may not review extent of district court's downward departure).
 
 
 6
 We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issues for appeal. Because Reyes-Rosas pleaded guilty, he has waived all non- jurisdictional issues. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam) (valid guilty plea waives all non- jurisdictional defects and defenses), cert. denied, 115 S. Ct. 171 (1994).
 
 
 7
 The judgment and sentence are affirmed.
 
 
 
 [1]
 The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota