62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Gregory Dewayne COSBY, Appellant.
 No. 94-4036.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 25, 1995.
Filed: Aug. 16, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After the government charged Cosby with three counts of bank robbery, in violation of 18 U.S.C. Sec. 2113(a), a jury found Cosby guilty on all three counts. The district court[1] subsequently sentenced him to 132 months imprisonment on each count, to be served concurrently, and three years supervised release. In this direct criminal appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Cosby has filed a supplemental pro se brief. We affirm.
 
 
 2
 In his Anders brief, counsel renews the argument he made below that the government violated Batson v. Kentucky, 476 U.S. 79 (1986), when it exercised one of its peremptory challenges to strike Rachel Jones, an African-American venireperson, from the jury panel. At trial, the government explained to the district court that it had struck Jones because she had indicated that she did not have a high school education, and had had little to say during voir dire. The government expressed concern that because of her reticence it was unable to judge whether Jones could adequately understand what the government believed to be significant expert testimony in the case. The government pointed out that it also had struck two white venirepersons who had indicated that they lacked a high school education and who had been uncommunicative during voir dire.
 
 
 3
 Upon our review of the record, we conclude that the district court did not clearly err when it found that there was no purposeful discrimination in the government's decision to strike venireperson Jones. See United States v. Logan, 49 F.3d 352, 357 (8th Cir.1995) (standard of review). Because the government struck similarly-situated white venirepersons, and because a venireperson's level of education is a proper factor to consider, we agree with the district court that the government did not violate Batson. See Purkett v. Elem, 115. S. Ct. 1769, 1770-71 (1995) (outlining three-step Batson analysis); Batson, 476 U.S. at 89 n.12 (education listed as proper factor to be considered in evaluating prospective jurors); United States v. Marin, 7 F.3d 679, 686-87 (7th Cir.1993) (noting acceptance by various circuits of education as race-neutral reason for striking jurors), cert. denied, 114 S. Ct. 739 (1994); cf. Garrett v. Morris, 815 F.2d 509, 514 (8th Cir.) (Batson claim successful where African-Americans with more education than whites left on panel were struck for lacking education necessary to understand expert scientific testimony), cert. denied, 484 U.S. 898 (1987).
 
 
 4
 In his pro se supplemental brief, Cosby argues that his trial counsel was ineffective. This claim should be raised in a 28 U.S.C. Sec. 2255 motion, because he did not present it to the district court. See United States v. Kenyon, 7 F.3d 783, 785 (8th Cir.
 
 
 5
 1993) (ineffective assistance claim is best presented in Sec. 2255 motion and will not be considered on direct appeal unless claim has been presented to district court so that proper factual record can be made).
 
 
 6
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri