_____

No. 95-3050
_____

United States of America,    *
                             *
        Appellee,            *
                             *   Appeal from the United States
    v.                       *   District Court for the
                             *   Eastern District of Missouri.
William T. Moore,            *
                             *          [UNPUBLISHED]
        Appellant.           *

_____

Submitted:  February 6, 1996

Filed:  February 9, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


    William T. Moore appeals the year-and-a-day sentence imposed by the district court[1] following his guilty plea to possession of stolen property, in violation of 18 U.S.C. § 659.  We affirm.

    From 1987 until 1992, Moore stole items from air freight shipments at Lambert-St. Louis International Airport.  To facilitate the thefts, Moore enlisted the aid of four other individuals, who assisted him at various times throughout the course of the criminal activity.  Moore sold most of the stolen items to two "fences."  At sentencing, the district court assessed a four-level enhancement under U.S.S.G. § 3B1.1(a), after finding that Moore was the leader or organizer of criminal activity that

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

involved five or more participants. On appeal, Moore argues the district court erred because neither he nor the "fences" could be considered "participants," and because the criminal activity never involved five participants at one time.

Under section 3B1.1(a), a district court must increase a defendant's offense level if he was an organizer or leader of a criminal activity that involved five or more participants, or that was otherwise extensive. "A `participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). We have previously held that a defendant "is counted as a participant in the criminal activity." United States v. Kenyon, 7 F.3d 783, 785-86 (8th Cir. 1993) (citing United States v. Harry, 960 F.2d 51, 54 (8th Cir. 1992)). Even assuming "fences" are not counted for purposes of section 3B1.1(a), the district court correctly determined that the criminal activity involved five participants. First, Moore's role in the offense is determined based on all his relevant conduct and not solely on the act of conviction. See U.S.S.G. Ch.3, Pt.B, intro. comment. Second, the record shows that four other individuals helped Moore facilitate the theft of the items, and that these individuals were also criminally responsible. We reject Moore's assertion that the criminal activity must involve five or more participants "at any one time." Accordingly, we conclude the district court did not clearly err in assessing the section 3B1.1(a) enhancement. See United States v. Smith, 62 F.3d 1073, 1079 (8th Cir. 1995) (standard of review), cert. denied, 1995 WL 761706 (U.S. Jan. 22, 1996) (No. 95-7191).

The judgment is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.