No. 95-2111

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Western District of Missouri.
Michael Kenneth Williams, also *
known as Squirrel,             *  [UNPUBLISHED]
                               *
          Appellant.           *


Submitted:  March 5, 1996

Filed:  March 8, 1996

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Pursuant to a plea agreement, Williams pleaded guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possessing a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  The district court[1] sentenced Williams to 137 months imprisonment and 5 years supervised release on the methamphetamine count and to 120 months imprisonment and 3 years supervised release on the firearms count, the sentences to run concurrently.  On appeal, Williams's appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as issues (1) whether law enforcement officials engaged in sentencing entrapment by delaying revocation of Williams's probation so he could engage in additional drug buys, and (2) whether evidence of tape recorded conversations acquired by

_____

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

a body recorder worn by an undercover law enforcement official should be suppressed, because of the government's failure to obtain prior authorization pursuant to 18 U.S.C. § 2515 et seq.

We conclude Williams's claim that undercover law enforcement officials illegally recorded conversations with him is meritless, as monitoring of a conversation by a person acting under color of law is permitted when that person consents. See 18 U.S.C. § 2511(2)(c); United States v. Jones, 801 F.2d 304, 315 (1986).

Williams's sentencing entrapment claim may be more aptly characterized as a sentencing manipulation claim. Compare United States v. Barth, 990 F.2d 422, 424 (8th Cir. 1993) (sentencing entrapment) with United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993) (sentencing manipulation), cert. denied, 114 S. Ct. 1322 (1994). No matter how characterized, the claim fails. The record indicates that, in this proceeding, the amount of drugs counted as relevant for sentencing did not include any drugs purchased after the delay in Williams's probation revocation.

We do not consider Williams's ineffective-assistance claim, raised for the first time on appeal in one of his two supplemental pro se briefs, as that claim should be raised in a 28 U.S.C. § 2255 proceeding where the record can be appropriately developed. See United States v. Kenyon, 7 F.3d 783, 785 (8th Cir. 1993).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record, and have found no nonfrivolous issues for review.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.