_____

No. 96-1049
_____

United States of America,       *
                                *
        Appellee,               *
                                *  Appeal from the United States
    v.                          *  District Court for the
                                *  Eastern District of Missouri.
William Ray Christal,           *
                                *        [UNPUBLISHED]
        Appellant.             *


_____

Submitted:  December 6, 1996

Filed:  December 16, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


    William Ray Christal appeals the 78-month sentence imposed by
the district court[1] after he pleaded guilty to possessing
methamphetamine with intent to distribute.  Through counsel,
Christal contends the court improperly calculated his offense level
because the government failed to prove his offense involved d-
methamphetamine.  In pro se supplemental briefs, Christal also
challenges the assessment of a two-level increase for possessing a
weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1)(1995),
and asserts his counsel in the district court was ineffective.  We
affirm for the following reasons.


    First, Christal may not now challenge his base offense level
because he stipulated in his plea agreement to possessing 19.44

_____

    [1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

grams of actual methamphetamine, with a resulting base offense level of 26.  See United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant cannot challenge Guidelines application on appeal where defendant's plea agreement expressly set forth base offense level and type of controlled substance); United States v. Durham, 963 F.2d 185, 187 (8th Cir.) (specific challenges to sentence waived by virtue of stipulations in plea agreement), cert. denied, 506 U.S. 1023 (1992).

Second, the district court did not clearly err in assessing the section 2D1.1(b)(1) increase.  See United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996) (standard of review).  The investigating officer found Christal in the living room and a loaded 9mm semi-automatic handgun on top of a dresser in the bedroom where the drugs were located.  The proximity of Christal, the drugs, and the handgun established a sufficient nexus between the handgun and Christal's criminal activity.  See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), comment. (n.3) (1995) (increase applies if weapon was present, unless clearly improbable that weapon was connected with offense); United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996); United States v. Richmond, 37 F.3d 418, 420 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995).  Christal's claim that the weapon belonged to someone else is unavailing.  See Payne, 81 F.3d at 762 (ownership not required for § 2D1.1(b)(1) enhancement).

Finally, Christal's ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding where the record can be properly developed.  See United States v. Kenyon, 7 F.3d 783, 784-85 (8th Cir. 1993).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.