104 F.3d 364
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
William Ray CHRISTAL, Appellant.
 No. 96-1049.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 6, 1996.
Filed Dec. 16, 1996.
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Ray Christal appeals the 78-month sentence imposed by the district court[1] after he pleaded guilty to possessing methamphetamine with intent to distribute. Through counsel, Christal contends the court improperly calculated his offense level because the government failed to prove his offense involved d-methamphetamine. In pro se supplemental briefs, Christal also challenges the assessment of a two-level increase for possessing a weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1)(1995), and asserts his counsel in the district court was ineffective. We affirm for the following reasons.
 
 
 2
 First, Christal may not now challenge his base offense level because he stipulated in his plea agreement to possessing 19.44 grams of actual methamphetamine, with a resulting base offense level of 26. See United States v. Early, 77 F.3d 242, 244 (8th Cir.1996) (per curiam) (defendant cannot challenge Guidelines application on appeal where defendant's plea agreement expressly set forth base offense level and type of controlled substance); United States v. Durham, 963 F.2d 185, 187 (8th Cir.) (specific challenges to sentence waived by virtue of stipulations in plea agreement), cert. denied, 506 U.S. 1023 (1992).
 
 
 3
 Second, the district court did not clearly err in assessing the section 2D1.1(b)(1) increase. See United States v. Betz, 82 F.3d 205, 210 (8th Cir.1996) (standard of review). The investigating officer found Christal in the living room and a loaded 9mm semi-automatic handgun on top of a dresser in the bedroom where the drugs were located. The proximity of Christal, the drugs, and the handgun established a sufficient nexus between the handgun and Christal's criminal activity. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), comment. (n.3) (1995) (increase applies if weapon was present, unless clearly improbable that weapon was connected with offense); United States v. Payne, 81 F.3d 759, 763 (8th Cir.1996); United States v. Richmond, 37 F.3d 418, 420 (8th Cir.1994), cert. denied, 115 S.Ct. 1163 (1995). Christal's claim that the weapon belonged to someone else is unavailing. See Payne, 81 F.3d at 762 (ownership not required for § 2D1.1(b)(1) enhancement).
 
 
 4
 Finally, Christal's ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding where the record can be properly developed. See United States v. Kenyon, 7 F.3d 783, 784-85 (8th Cir.1993).
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri