**UNITED STATES of America, Appellee,**

v.

**Charles H. BOWERS, Appellant.**

No. 92–2896.

United States Court of Appeals, Eighth Circuit.

Submitted March 23, 1994.

Decided April 15, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 27, 1994.

The appellant was represented pro se.

Richard E. Monroe, Asst. U.S. Atty., of Springfield, MO.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Charles H. Bowers appeals the 168–month sentence imposed by the district court. We affirm.

A jury convicted Bowers on one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count I), three counts of distributing cocaine base in violation of sections 841(a)(1), (b)(1)(B), (b)(1)(C), and 21 U.S.C. § 845a(a) (Counts III–V), and one count of possession with intent to distribute cocaine base in violation of sections 841(a)(1) and (b)(1)(C) (Count VI). On appeal, this court affirmed Bowers's conviction, but remanded the case for resentencing because the record was insufficient to evaluate Bowers's claim that the court used an erroneous base offense level based on unreliable evidence. *See United States v. Simmons,* 964 F.2d 763 (8th Cir.), *cert. de-*

*nied,* —— U.S. ——, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992).

At resentencing, the court found that Bowers was responsible for a total of 44.95 grams of cocaine base based on its findings that Bowers sold undercover police officers ¼ gram on October 5, 1989, 2.35 grams on November 1, and 28.35 grams on November 14, and that Missouri state highway patrol officers confiscated 14 grams from a car in which Bowers was a passenger on May 13, 1990. The court then sentenced Bowers to 168 months imprisonment, to be followed by six years supervised release. Bowers appeals.

■ Bowers's argument that the district court erred in applying the four-level enhancement under U.S.S.G. § 3B1.1(a) is barred by the law of the case doctrine. *See United States v. Duchi,* 944 F.2d 391, 393 (8th Cir.1991). This court rejected Bower's argument on his first appeal. *See Simmons,* 964 F.2d at 777 ("district court did not clearly err by adjusting Bowers's sentence to reflect his leadership role").

Bowers's argument that the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 32 are also meritless. He was not entitled to "any final recommendation as to sentence" prepared by the probation office. Fed. R.Crim.P. 32(c)(3)(A); *see also United States v. West,* 15 F.3d 119, 122 (8th Cir.1994). Further, after carefully reviewing the record, we are convinced that the district court fully complied with the requirements of Rule 32. *See* Fed.R.Crim.P. 32(c)(3)(A) and (B).

■ Finally, we will not consider Bower's claim that he was denied effective assistance of counsel because that claim has not been presented to the district court and the proper factual record has not been made. *United States v. Kenyon,* 7 F.3d 783, 785 (8th Cir.1993). Claims of ineffective assistance of counsel are generally better presented in motions under 28 U.S.C. § 2255. *Id.*

Accordingly, we affirm the sentence imposed by the district court.