**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-1057

United States of America,   *
                      *

         Appellee,    *

                      * Appeal from the United States

   v.                 * District Court for the
                      * Eastern District of Missouri.

John Edward Johnson,    *
                      *

         Appellant.    *

Submitted: June 4, 1997

Filed: July 15, 1997

Before MURPHY and HEANEY, Circuit Judges, and ROSENBAUM[1], District Judge.

HEANEY, Circuit Judge.

John Edward Johnson conditionally pleaded guilty to robbery and use of a firearm in relation to a crime of violence. Johnson reserved his right to challenge the district court's denial of his motion to suppress his in-

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

custody confession.  He also appeals the sentence imposed by the district court.  We affirm Johnson's convictions,

but reverse the seventy-two month departure from the guideline sentence for the armed robbery because the district court failed to provide Johnson with proper notice of its intention to consider the departure.

## I.  Motion to Suppress

Johnson was charged in a three-count indictment for the June 1995 armed robbery of the Purple Cow Restaurant in Little Rock, Arkansas.  On August 30, 1996, Johnson moved to suppress an in-custody statement he gave to the Little Rock police officers, in which he confessed to the robbery.  He argued that the confession was the fruit of an illegal arrest, that he was coerced into making the statement, and that he was deprived of his Sixth Amendment right to counsel.  The district court denied the motion.  Johnson then pleaded guilty to the first two counts of the indictment, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 and the use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  The government dismissed the third count of the indictment, which charged Johnson with the possession of an unregistered weapon, a sawed-off shotgun, in violation of 26 U.S.C. § 5861(d).  Johnson's plea was conditioned on his right to appeal the district court's denial of his motion to suppress.

On appeal,  Johnson continues to assert that the district court should have suppressed his confession because his arrest was illegal.  Johnson argues that the police department violated several state rules in obtaining both an order for his appearance to give blood,

hair, and saliva samples and a subsequent warrant for his arrest.[2]   We

---

[2]Specifically, he contends that the police department failed to comply with Rules 6.1 and 6.2 of the Arkansas Rules of Criminal Procedure because the order for his appearance was not signed by a judge and did not state the date and time for his appearance.  He also argues that the warrant for the arrest for his failure to appear was flawed in several respects:  The affidavit in support of the warrant was not notarized and was signed only by the clerk of court, not a judge, and the arresting officer did not have a copy of the warrant at the time of the arrest.  Moreover, Johnson contends that given the invalidity of the underlying order to appear, the warrant for his arrest for violation of that order cannot stand.

agree with the district court that in this case we need not determine the legality of Johnson's arrest to rule on the admissibility of his confession. The district court expressed doubt as to the validity of the order, but found that the officers acted in good faith in applying for the warrant and in arresting Johnson. (Motions Hr'g Tr. at 210-11, 221 (citing <u>Arizona v. Evans</u>, 115 S.Ct. 1185 (1995) (<u>Leon,</u> good faith exception applies to an arrest warrant); <u>United States v. Teitloff</u>, 55 F.3d 391, 393 (8th Cir. 1991).) Moreover, the court recognized that even if the arrest were illegal, the custodial statement is admissible if it was voluntary and lacked any causal connection to the illegal detention. (<u>Id.</u> at 222 (citing <u>Brown v. Illinois</u>, 422 U.S. 590, 603-04 (1975).)

In rendering its decision on the suppression question, the district court made several important credibility assessments and findings of fact. The court discredited much of Johnson's testimony and determined that the police officers did not pressure or coerce Johnson into confessing. It accepted the testimony of the arresting officer that once Johnson requested an attorney, the officers stopped all discussion with him, offered to let him make a call to an attorney, and, when Johnson stated that he had no one to call, arranged for a public defender to represent him. The district court also determined that, although Johnson mentioned to the public defender that his family wanted to retain private counsel for him, he confessed to the public defender and did not specifically reject her representation. Further, neither police officer was aware of Johnson's parents' wishes that their son be represented by private counsel.

5

The district court also found that both the officers and the public defender went through the waiver form with Johnson before he made his statement. Finally, the public defender advised Johnson not to speak with the police, but he signed the waiver and gave the statement against her express advice.

Applying the legal framework set out in Brown v. Illinois, 422 U.S. 590 (1975), to this set of facts, the district court decided that Johnson's confession was an act of free will and not the product of an illegal arrest. Specifically, it determined that even though little time passed between the arrest and the confession, the remaining three Brown factors weighed in favor of the government: Johnson was given his Miranda warnings; he was provided with a lawyer who counseled against giving the statement and who could have raised the illegality of the arrest with him; and, even if there was misconduct on the part of the officers, it was not flagrant, but rather performed with a good faith, reasonable belief that they had probable cause for his arrest. (Motions Hr'g Tr. at 223-24 (citing Brown, 422 U.S. at 603-04).)

We review the district court's denial of a defendant's motion to suppress for clear error. Teitloff, 55 F.3d at 392. The district court's decision must be affirmed "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [we are] left with the definite and firm conviction that a mistake has been made." Id. (quoting United States v. Layne, 973 F.2d 1417, 1420 (8th Cir. 1992)). In light of the district court's factual determinations, it did not err in concluding that, under Brown, Johnson's confession was sufficiently attenuated from any illegality in his arrest. There is no evidence that the police officers engaged in willful misconduct. The officers reviewed Johnson's rights with him, had him sign a waiver form, and provided him with an attorney who urged him not to cooperate. Given these findings, we agree that Johnson's confession was voluntary.

7

Johnson also claims that he was denied his Sixth Amendment right to counsel because the police officers did not permit his family to retain private counsel for him.[3]

---

[3]Initially, state charges of aggravated robbery, rape, and theft of property were brought against Johnson in Pulaski County. On February 16, 1996, the state court suppressed Johnson's confession, holding that once Johnson states that he wants a private attorney, the officers had an obligation to accommodate him in getting another attorney. The state court did not cite any authority for its holding, however, nor are we bound by its decision.

Johnson's father testified at the motions hearing that he attempted to contact the officers through a desk clerk to let them know of the family's intentions to hire an attorney. Had the officers known of the family's preference or if the family had simply sent private counsel directly to their son, he certainly should have been permitted representation by his choice of counsel. Here, however, there is no evidence that the officers were ever notified of the family's request. Nor did the family actually contact private counsel for their son. The district court credited the officers' testimony that they told Johnson he could make a phone call and provided him with a phone book, but that Johnson told them he had no one to call. Further, Johnson did not object when the officers offered to provide him with a public defender and, as the district court specifically found, Johnson accepted the public defender's representation by privately confessing to her. As the Supreme Court has stated:

> [W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.

Wheat v. United States, 486 U.S. 153, 159 (1988). We can think of no more effective representation in these circumstances than what the public defender offered to Johnson: She advised him not to make the statement. In hindsight, Johnson no doubt wishes that he had followed

9

her advice, but we agree with the district court that Johnson's Sixth Amendment rights were not violated.

## II. Sentencing

On December 18, 1996, the district court sentenced Johnson to a total of 233 months imprisonment. In determining Johnson's sentence for the armed robbery, the district court gave him a two-level enhancement for causing bodily injury that required medical attention because the court found that he had repeatedly raped the female robbery victim. See U.S.S.G. § 2B3.1(b)(3)(A). The sentence for armed robbery also included a two-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Johnson had no previous criminal record, making his guideline sentence for the armed robbery forty-one months. The district court sentenced Johnson to an additional 120 months to run consecutively for his use of a sawed-off shotgun in relation to a crime of violence under 18 U.S.C. § 924(c)(1). Further, based on the victim's testimony as to the rape, the court granted a seventy-two month upward departure because the court found that Johnson's conduct was unusually heinous, cruel, brutal, or degrading to the victim under section 5K2.8 and that the victim suffered serious psychological injury under section 5K2.3.

Johnson challenges his sentence on several grounds. First, he contends that there was insufficient evidence of the rape to support the two-level enhancement. We disagree. At the sentencing hearing, the rape victim testified that Johnson ordered her and a male employee at gunpoint to undress and lie down. He then repeatedly attempted to penetrate the female victim and forced her to perform oral sex on him. Johnson held a shotgun in his hand at all times and he threatened to kill both of

11

the victims if they called the police.  The defense argued that the rape victim's testimony was inconsistent with the physical evidence, which revealed no semen or hair at the scene or on the victim's person.  Johnson also points out that the victim's medical reports indicated no sign of physical trauma or other distress. The district court credited the rape victim's testimony, which was consistent with the medical records to the extent that she testified that Johnson did not cause any physical injury, but rather physical discomfort and emotional trauma.  In light of the rape victim's testimony and

the district court's credibility determination, we do not believe that it was clearly erroneous for the district court to have determined that the government established the rape by a preponderance of evidence.  See United States v. Johnson, 962 F.2d 1308, 1313 (8th Cir. 1992) (sentencing factors require only proof by a preponderance of the evidence); United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996) (factual basis for enhancements reviewed for clear error).

Johnson also challenges the sufficiency of the evidence for the upward departure.  He argues that the departure, even if supported by the evidence, relies on the same factors used to support the two-level enhancement.  Without addressing Johnson's claim, we must reverse the court's decision to depart because Johnson never received proper notice that it was going to consider the departure.  As the Supreme Court held in Burns v. United States, 501 U.S. 129, 138 (1991):

> [B]efore a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 [of the Federal Rules of Criminal Procedure] requires that the district court give the parties reasonable notice that it is contemplating such a ruling.

Id.  In this case, the presentence report detailed the facts of the alleged rape and the impact that it had on the victim.  It recommended the two-level enhancement under section 2B3.1, but explicitly stated that there were no factors to warrant departure.  The government

13

concedes that prior to the sentencing hearing, Johnson was not given any notice of the possibility of an upward departure.  In fact, the possibility was not even brought up at the hearing until just before the court pronounced the sentence.[4]  As we

[4]The government contends that Johnson did not object to the lack of notice at the sentencing hearing and that therefore we must review for plain error.  The defendant, however, objected to the upward departure generally.  We believe this objection sufficiently called the error to the court's attention and preserved the issue for appeal. (See Sentencing Hr'g Tr. at 68.)

recognized under similar circumstances in <u>United States v. LeCompte</u>, 99 F.3d 274, 280 (8th Cir. 1996), the defendant is entitled to notice prior to the sentencing hearing of fact-intensive inquiries such as whether the victim suffered extreme psychological injury or whether the conduct was particularly heinous.  Johnson was given no notice whatsoever.

                               III.

     Accordingly, we affirm Johnson's convictions, vacate the seventy-two month sentencing departure, and remand to the district court for resentencing consistent with this opinion.

     A true copy.

          Attest.

               CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.