**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3360

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| John Edward Johnson, | * | |
| | * | |
| Defendant-Appellant. | * | |
| | * | |

_____

Submitted: April 13, 1998
Filed:   May 22, 1998

_____

Before BOWMAN, Chief Judge,[1] McMILLIAN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Johnson pled guilty to robbery affecting interstate commerce, 18 U.S.C. § 1951, and use of a firearm during a violent crime, 18 U.S.C. § 924(c), reserving the right to appeal the denial of his motion to suppress his confession. He was sentenced to 233 months, and raised issues on appeal related to his statements to the police as well as sentencing. We affirmed the judgment of conviction but remanded for resentencing

_____

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

because the district court had departed upward without prior notice. U.S. v. Johnson, 121 F.3d 1141 (8th Cir. 1997). On remand additional evidence was received, and the district court[2] again departed upward on the basis that Johnson's conduct during the armed robbery in raping a female restaurant employee was unusually cruel and degrading, U.S.S.G. § 5K2.8, and that the victim had suffered severe psychological injury, U.S.S.G. § 5K2.3. This time Johnson was sentenced to 135 months on the robbery count and a mandatory consecutive 120 months on the firearm violation for a total of 255 months. On appeal he argues that there was insufficient evidence of sexual assault, that the district court erred in applying the sentencing guidelines, and that his constitutional rights were violated by receiving a more severe sentence on remand. We affirm.

At the outset we note that Johnson's challenge to the sufficiency of the evidence of the sexual assault is foreclosed because that issue was already decided against him in our prior decision (121 F.3d at 1145). See U.S. v. Bowers, 21 F.3d 843, 844 (8th Cir. 1994).

Johnson argues that the district court improperly imposed an upward departure based on extreme conduct and injury. The decision to depart from the sentencing guidelines is reviewed for abuse of discretion. Koon v. U.S., 116 S.Ct. 2035, 2047 (1996). At the initial sentencing hearing the rape victim testified that Johnson threatened her and a male co-worker with a sawed off shotgun and forced them to disrobe. After unsuccessfully attempting to penetrate her, he repeatedly forced her to perform oral sex and penetrated her digitally and with his penis, left her lying naked on the floor, and threatened to return and kill her if she called the police. She testified that from the time of the attack she has required ongoing psychological counseling and treatment with anti-depressant drugs and that her sexual relations with her husband

---

[2]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

have been damaged. She also testified that she was haunted by fear which led her to carry a gun, move to an area more frequently patrolled by police, install a home security system, and stay inside at night except for an emergency. At the second sentencing proceeding additional evidence was received about her physical injuries and the continuing effects of the assault. Based on the record there was sufficient evidence to support the district court's findings that Johnson's conduct was unusually cruel and degrading and that the victim suffered severe psychological injury. The district court did not abuse its discretion by departing upward on this basis.

Johnson objects to the court's reference in sentencing to the criminal sexual abuse guideline, § 2A3.1. He does not argue that this led to an improper sentence length, but that the guideline applicable to his offense was that for robbery, § 2B3.1, rather than for sexual abuse. Johnson was not sentenced under the sexual abuse guideline, however, because the district court merely considered it in deciding an appropriate period for the upward departure for conduct which involved sexual violence and which justified departure under § 5K2.3 and § 5K2.8. This was permissible under the sentencing guidelines. See generally U.S.S.G. § 1B1.2 commentary.

Johnson also argues that the district court violated his due process rights by imposing a longer sentence on remand. Imposition of a more stringent sentence upon resentencing is not improper when it is based on newly obtained information rather than vindictiveness. Texas v. McCullough, 106 S.Ct. 976, 979-80 (1986). At resentencing the district court received reports from psychologists that the trauma Johnson caused was more severe than initially thought. Attempts to take Johnson's victim off anti-depressant drugs had failed, her behavioral patterns continued to be disrupted, and discussion of the event still upset her severely. There is no showing of vindictiveness or that the district court erred by relying on the new information, and Johnson's due process rights were not violated by the sentence imposed.

For these reasons the sentence is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.