# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3336

_____

United States of America,

        Appellee,

v.

Steven A. Glaus,

        Appellant.

_____

No. 97-3391

_____

United States of America,

        Appellee,

v.

Rodrigo Q. Rodriguez, also known
as Poncho, also known as Jose Luis
Camacho Diaz,

        Appellant.

Appeals from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted:  June 15, 1998

Filed:  June 18, 1998
_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
        Circuit Judges.

_____

PER CURIAM.

A jury convicted Steven A. Glaus and Rodrigo Q. Rodriguez of conspiring to distribute, and of possessing with intent to distribute, more than one kilogram each of heroin and methamphetamine.  At sentencing, the district court attributed three to ten kilograms of "heroin and/or methamphetamine" to each defendant, and sentenced Mr. Glaus to 300 months imprisonment and Mr. Rodriguez to 292 months imprisonment. Both defendants appealed; we determined the district court's drug quantity finding was not sufficiently supported by the evidence, and remanded for resentencing.  See United States v. Rodriguez, 112 F.3d 374, 375-76 (8th Cir. 1997).  In this consolidated appeal, both Mr. Glaus and Mr. Rodriguez challenge their respective sentences imposed following resentencing.  We affirm.

At Mr. Glaus's resentencing, he admitted responsibility for 52 grams of methamphetamine and 72 grams of heroin.  The district court accepted that concession, and otherwise applied the offense-level enhancements and criminal history category adopted at Mr. Glaus's initial sentencing.  The court sentenced Mr. Glaus to 130 months imprisonment and 5 years supervised release.

Mr. Glaus's only argument on appeal is that the district court erred in overruling his objection to a two-level firearm enhancement.  We conclude Mr. Glaus waived this

challenge by failing to raise it in his earlier direct appeal. <u>See</u> <u>United States v. Kress</u>, 58 F.3d 370, 373 (8th Cir. 1995).

At Mr. Rodriguez's resentencing, he contended that the amount of drugs attributable to him was limited to the amount testified to by a co-conspirator. Accepting that concession, the court sentenced Mr. Rodriguez to 235 months imprisonment and 5 years supervised release.

On appeal, Mr. Rodriguez challenges the district court's drug quantity determination on resentencing. We conclude that the district court did not clearly err in its drug quantity determination which was supported by the co-conspirator's testimony. <u>See</u> <u>United States v. McMurray</u>, 34 F.3d 1405, 1415 (8th Cir. 1994) (standard of review), <u>cert. denied</u>, 513 U.S. 1179 (1995); <u>United States v. Candie</u>, 974 F.2d 61, 65 (8th Cir. 1992) (noting district court's drug quantity determination is not clearly erroneous when quantity is even "reasonably" supported by evidence). We decline to consider the challenges Mr. Rodriguez raises to the application of offense-level enhancements for his role in the offense and for obstruction of justice, and to the denial of an acceptance-of-responsibility adjustment, as he is bound by our resolution of those issues in his earlier direct appeal. <u>See</u> <u>United States v. Bowers</u>, 21 F.3d 843, 844 (8th Cir. 1994) (per curiam) (court will not consider defendant's challenge to enhancement which was rejected on first appeal in defendant's second appeal because issue is barred by law-of-the-case doctrine).

Accordingly, the judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.