# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3605

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Charles M. Hoelzer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 20, 1999
Filed: July 27, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.

_____

HANSEN, Circuit Judge.

Charles M. Hoelzer pleaded guilty to stealing firearms from a federally licensed gun dealer. The district court[2] sentenced Hoelzer to the statutory maximum of 120 months' imprisonment. Hoelzer appeals his sentence, and we affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

# I.

Hoelzer and his son stole fifteen firearms from Kelly's Bait and Tackle in St. Charles, Missouri. Hoelzer was indicted in both state and federal court. The store clerk from Kelly's Bait and Tackle testified at Hoelzer's state court trial that during the robbery, the older of the two perpetrators struck her in the back of the head with a firearm. Hoelzer was convicted of the state charges and he subsequently pleaded guilty to the federal charge.

During Hoelzer's sentencing hearing on the federal charge, the district court found Hoelzer's offense level to be 27, after enhancing Hoelzer's base offense level of 20 by six levels for use of a firearm during the offense, see United States Sentencing Guidelines Manual §2B3.1(b)(2)(B) (1997), two levels for bodily injury to a victim, see USSG §2B3.1(b)(3)(A), and one level for taking firearms during the offense, see USSG § 2B3.1(b)(6). The district court reduced Hoelzer's base offense level by two levels for acceptance of responsibility. See USSG §3E1.1(a). The statutory maximum limited the Sentencing Guidelines range of 120 to 150 months in prison to 120 months. See 18 U.S.C. §§ 922(u); 924(l) and (m) (1994). The district court sentenced Hoelzer to 120 months' imprisonment.

Hoelzer contested the "use of a firearm" and "bodily injury" enhancements at the sentencing hearing. Hoelzer argued that a St. Charles police officer testified at the state trial that he did not observe any physical injury to the store clerk (see Sentencing Tr. at 6-7) and that the store clerk never actually saw a gun. Hoelzer's attorney conceded that the store clerk testified at the state trial that Hoelzer struck her in the back of the head with a firearm and that she suffered injuries during the robbery. (See id. at 7-9.) At the sentencing hearing, the government called the agent from the Bureau of Alcohol, Tobacco and Firearms (ATF) involved in the investigation of the robbery, who testified that the victim reported to the St. Charles police that Hoelzer had struck her in the back of the head with a firearm, kicked her, and threatened to shoot her. (See id. at 18.)

2

Hoelzer testified at the sentencing hearing that he did not strike the victim with a gun. (See id. at 21.) The district court found that the testimony of the victim at the state court trial provided sufficient support for both enhancements. Hoelzer now appeals his sentence, arguing that the ATF agent's uncorroborated hearsay is insufficient to support the two enhancements.

## II.

We review the factual bases of a district court's sentencing enhancements for clear error, and give due deference to the district court's application of the Guidelines to the facts. See United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999). The district court must weigh the evidence and base its sentencing decision on the preponderance of the evidence. See United States v. Anderson, 68 F.3d 1050, 1054 (8th Cir. 1997).

A district court may rely on hearsay evidence for sentencing purposes, as long as it has "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a), p.s.; United States v. Campos, 87 F.3d 261, 264 (8th Cir.), cert. denied, 519 U.S. 1019 (1996). Whether hearsay evidence has sufficient indicia of reliability depends on the circumstances of each case. See Campos, 87 F.3d at 264. Hoelzer argues that the sentencing court erred by relying on the ATF agent's hearsay testimony about the store clerk's statements to other officers. Hoelzer concedes, however, that the ATF agent's account of the store clerk's report is consistent with the clerk's sworn state court testimony. Hoelzer's concession provides the "sufficient indicia of reliability" needed to allow the district court to rely on the ATF agent's hearsay testimony. Further, the district court did not need to rely on the ATF agent's testimony at all, but could have relied solely on Hoelzer's own admissions of the content of the clerk's state court testimony. We conclude that the district court properly relied on evidence of the store clerk's state court testimony for its factual determinations.

Hoelzer also argues that there is insufficient evidence of a "bodily injury" to warrant the two-level enhancement. See USSG §2B3.1(b)(3)(A) ("If any victim sustained bodily injury, increase the offense level according to the seriousness of the injury: (A) Bodily Injury add 2 [levels]"). The Sentencing Guidelines define "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." USSG §1B1.1, comment. (n.1(b)). The probation officer stated in the Presentence Report that "[t]he store clerk suffered bruises to her face, chest, and legs as a result of being hit, kicked, and stepped on by the defendants." (Presentence Report ¶ 7.) Hoelzer's attorney conceded that the store clerk testified at the state court trial that she was injured. (See Sentencing Tr. at 8-9.) In rebuttal, Hoelzer offers his own testimony that he did not hit or kick the store clerk and the state court testimony of one of the first police officers at the scene of the robbery that he did not see any indications of an injury.

"[T]he district court was not bound to accept [Hoelzer's] self-serving assertions at sentencing" that he did not strike the clerk. Anderson, 68 F.3d at 1054. Further, a victim need not manifest outward signs of injury to sustain bodily injury for purposes of the two-level enhancement. See United States v. Johnson, 121 F.3d 1141, 1145 (8th Cir. 1997) (finding a bodily injury enhancement supported by the victim's testimony and the district court's credibility determinations despite a lack of physical evidence). The district court's factual determinations of what actually transpired essentially involve a credibility assessment between the store clerk and Hoelzer. We conclude that the district court did not clearly err in finding that the prosecution met its burden of proving that the store clerk sustained a bodily injury by the preponderance of the evidence.

Finally, Hoelzer argues that there is insufficient evidence that he "otherwise used" a gun because the store clerk did not actually see a gun. The ATF agent testified that the store clerk reported that she had been hit with "an unknown-type firearm," though she could not describe the gun. (See Sentencing Tr. at 18, 19.) Hoelzer concedes that the clerk testified to the same effect at the state court trial. The store

clerk also reported to the police that Hoelzer threatened to shoot her if she did not remain on the floor. Hoelzer offers only his own testimony that he did not hit the clerk at all and his theory that the clerk could have been hit with something other than a gun. The record supports the district court's findings by a preponderance of the evidence that Hoelzer otherwise used a gun in the offense. Thus, the district court's findings are not clearly erroneous.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.