# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1577

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court for the Southern |
| | * | District of Iowa. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Bernard Leon Ellis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1999

Filed: December 30, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Bernard Leon Ellis appeals his jury conviction for conspiring to distribute cocaine, in violation of 21 U.S.C. § 846 (1994), and use of a communication facility to distribute cocaine, in violation of 21 U.S.C. §843(b) (1994). Ellis raises four points of error in challenging his conviction. Upon careful review, we reject each of Ellis's arguments and therefore affirm the judgment of the district court.

Ellis first argues that the district court erred in denying his motion for a new trial because the jury's verdict was contrary to the weight of the evidence. We will not reverse a denial of a motion for a new trial based on insufficient evidence unless we find a clear and manifest abuse of discretion on the part of the district court. See United States v. Goodson, 155 F.3d 963, 967 (8th Cir. 1998). Based upon our review of the record, we are satisfied that the government presented ample evidence to support Ellis's convictions. Thus, the district court did not abuse its discretion in denying Ellis a new trial based on insufficient evidence.

Ellis next argues that the district court erred in denying his motion for a new trial based on the discovery of new evidence. We review a denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. See id. Ellis contends that the government's main witness, Dean Wright, gave false testimony at his trial and that the prosecution knew or should have known that the testimony was false. Ellis argues that he was not aware of the falsity of Wright's statements until Wright testified at another trial several months later. Thus, he contends that he is entitled to a new trial based upon newly discovered evidence. Upon review of the record, we find that the allegedly false statements made by Wright were not material to the issue of guilt.[1] See United States v. Duke, 50 F.3d 571, 576-77 (8th Cir. 1995) (discussing prerequisites of granting a motion for a new trial based on newly discovered evidence). The district court did not abuse its discretion in denying Ellis's motion for a new trial based on newly discovered evidence.

---

[1]The contradictory statements made by Wright in the two trials concern Wright's level of education (GED or GED and one year of college), the surname of an alleged drug connection (Marsh or Marshall), and the exact dates of Wright's acquaintance with Ellis and the other defendant (Wright stated several times that he was unsure of the exact dates).

Ellis argues that the district court erred in admitting into evidence a copy of a sentencing order of Ellis's prior drug conviction. The district court has broad discretion in making its evidentiary rulings and we review such determinations for an abuse of discretion. See United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997). Ellis contends that his prior conviction for possession with intent to sell cocaine base was not relevant to a material issue in the government's case and should not have been admitted into evidence. Further, Ellis claims that the admission of the prior conviction was more prejudicial than probative and amounted to improper propensity evidence. We disagree.

Our cases hold that a not guilty plea by a defendant puts the government to its proof on every element of the offense charged. See United States v. Gilmore, 730 F.2d 550, 554 (8th Cir. 1984). The government offered the prior conviction to refute Ellis's claim that he had never sold or possessed any drugs. Ellis's prior conviction was relevant to establish the knowledge and intent necessary to convict him of the crimes with which he was charged. See United States v. Johnson, 934 F.2d 936, 940 (8th Cir. 1991) (holding that "[e]vidence of similar drug activity is admissible in a drug prosecution case because [it] serves to establish intent or motive to commit the crime charged") (citations and quotations omitted). The district court did not abuse its discretion in admitting the prior conviction.

Lastly, Ellis argues that the district court erred in denying his motion for a new trial on the basis that he received constitutionally ineffective assistance from his trial counsel. We decline to consider this argument because a motion for a new trial which is not based on newly discovered evidence must be brought within seven days after the verdict. See Fed. R. Crim. P. 33. Ellis filed his motion several months after his trial. Further, as we have often noted, claims of ineffective assistance of counsel are generally better presented in a collateral proceeding under 28 U.S.C. § 2255. See United States v. Bowers, 21 F.3d 843, 844 (8th Cir. 1994) (per curiam).

For the reasons set forth above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

–4–