In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3747

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID MAIDEN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cr-00528-1—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED FEBRUARY 23, 2010—DECIDED MAY 17, 2010

Before BAUER, POSNER and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge*. David Maiden pleaded guilty to bank robbery, 18 U.S.C. §§ 2113(a), (b), and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), pursuant to a written plea agreement. The district court sentenced him to 141 months' imprisonment, including a two-level bodily injury enhancement for injuries Maiden inflicted on two bank tellers when he sprayed them with pepper spray. Maiden

appeals the application of the enhancement to his sentence. Finding his appeal without merit, we affirm.

## I. BACKGROUND

On June 5, 2008, David Maiden robbed a TCF Bank on the northwest side of Chicago. During the robbery, he carried a .45 caliber Uzi and wore a bulletproof vest. When two young tellers were too slow retrieving money from the bank's vault, Maiden sprayed them in the face with pepper spray. He then made off with approximately $6,000.

Maiden pleaded guilty to aggravated bank robbery and carrying a gun during a crime of violence. In his written plea agreement, he also admitted spraying the tellers with pepper spray. The pre-sentence investigation report ("PSR") recommended a two-point enhancement to Maiden's sentence under § 2B3.1(b)(3)(A) of the U.S. Sentencing Guidelines, based on the injury caused by the pepper spray. Specifically, the PSR included a statement from one of the tellers that following the incident, she felt a burning sensation whenever she attempted to wear contact lenses and has therefore been unable to wear them.

Maiden objected to the application of the bodily injury enhancement on the basis that pepper spray is not a dangerous weapon under Illinois law, and so the trial judge should have viewed more suspiciously the teller's "uncorroborated" statement in the PSR that she was injured. He essentially argued that when the government cannot establish whether bodily injury was inflicted by

mace[1] or pepper spray,[2] the court must examine hospital and other records to determine whether the offender caused a bodily injury. The district court rejected his arguments. It held that the teller's testimony was sufficiently reliable to support application of the bodily injury enhancement, regardless of what type of spray was

---

[1]   The term "Mace" is a trade name for a particular brand of pepper spray. However, mace also refers to a more potent form of tear gas known as alpha-chloroacetophenone, or CN gas, typically available only to law enforcement or the military. *See* U.S. Centers For Disease Control and Prevention, National Institute for Occupational Safety and Health, Pocket Guide To Chemical Hazards 61 (2007). But the term is most commonly used as a generic word for pepper spray. *See, e.g., United States v. Robinson*, 20 F.3d 270, 278 (7th Cir. 1994); *People v. Runge*, 805 N.E.2d 632, 637-38 (Ill. App. Ct. 2004)(describing pepper spray as "mace"). *See also* 235 Ill. Comp. Stat. 5/6-32(a) (describing both mace and pepper spray as "toxic air-released compound[s]"). Though Maiden attempts to draw a distinction between pepper spray and mace, any difference between the two is not relevant to the determination of whether a bodily injury enhancement applies under § 2B3.1(b)(3)(A).

[2]   Pepper spray is a commonly used self defense spray. Its active ingredient is oleoresin capsicum, an extract taken from hot pepper plants. Anita Miller, Pepper Spray: Officers Get Up Close and Painful, San Marcos Daily Record, Apr. 7, 2010. It is available in a variety of delivery systems designed to be carried on one's person, including lipsticks, pens, and even a "pepper pager." *See, e.g.,* www.pepperspray.com (last visited Apr. 22, 2010).

used, and sentenced Maiden to 141 months' imprisonment. He timely appealed.

## II. DISCUSSION

Maiden challenges the district court's application of a two-level enhancement to his sentence following his conviction for bank robbery, a determination we review for clear error. *United States v. Idowu*, 520 F.3d 790, 793 (7th Cir. 2008).

Section 2B3.1(b)(3)(A) directs a sentencing judge to increase an offender's base offense level by two points "if any victim sustained bodily injury." The Guidelines broadly define bodily injury as "any significant injury," including "injury that is painful and obvious, or is of a type for which medical attention would ordinarily be sought." U.S. Sentencing Guidelines Manual §1B1.1 cmt. n. (1)(A) (2009).

In determining a sentence under the Guidelines, the stringent rules governing admission of evidence in a criminal trial are not applicable. *United States v. Johnson*, 489 F.3d 794, 796 (7th Cir. 2007). While a defendant has a due process right to have his sentence based upon accurate information, *United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005) (quoting *United States v. Salinas*, 62 F.3d 855, 859 (7th Cir. 1995)), hearsay statements are "often an integral part of the sentencing process." *Id*. In fact, there are few limitations on the types of evidence a sentencing judge may consider, as long as it has "sufficient indicia of reliability to support its probable accuracy." *Id*. (quoting *United States v. Robinson*, 164 F.3d 1068, 1070 (7th Cir. 1999).

The district judge credited the teller's statement in the PSR and applied the two-point enhancement. Once the court relies on information in a PSR that it determines has sufficient indicia of reliability, it is the defendant's burden to create "real doubt" by showing why the statement is inaccurate or unreliable. *United States v. Heckel*, 570 F.3d 791, 795-96 (7th Cir. 2009). The district judge found the victim's report sufficiently reliable to support its probable accuracy. And Maiden has not created any doubt about the teller's statement because, other than generically criticizing it as hearsay, he offers no evidence that would lead us to question the teller's reliability. *See United States v. Taylor*, 135 F.3d 478, 481-82 (7th Cir. 1998) (hearsay acceptable at sentencing where judge found statement reliable).

Maiden additionally argues that the teller's statement is insufficient evidence upon which to base the bodily injury enhancement because pepper spray is not a dangerous weapon and is virtually incapable of inflicting a "significant injury" as contemplated by the Guidelines. He seems to say that if mace is used, a judge can presume bodily injury because mace is considered a dangerous weapon under Illinois law.[3] On the other hand, when

---

[3] 720 Ill Comp. Stat. 5/24-1 (2008), which Maiden says classifies mace "as a dangerous weapon," makes no such classification. In fact, the statute explicitly permits individuals to carry an "object containing a non lethal noxious liquid gas or substance designed solely for personal defense." *Id.* at 5/24-1(a)(3). The Illinois Appellate Court in *People v. Runge*, 805 N.E.2d 632, 637-38 (Ill. App. Ct. 2004), a case Maiden says

(continued...)

pepper spray is used, Maiden suggests that the government must produce additional evidence to prove the injury because pepper spray is not a dangerous weapon. In light of the government's failure to demonstrate that he used a dangerous weapon, Maiden contends that the teller's statement is insufficient.

To the extent Maiden claims that the sentencing judge automatically applied the enhancement in reliance on *Taylor*, 135 F.3d at 481-82, and *United States v. Robinson*, 20 F.3d 270, 278 (7th Cir. 1994), his argument is without merit. Though in both cases we affirmed application of a two-point bodily injury enhancement where the defendant sprayed victims with mace or pepper spray, in neither did we hold that bodily injury could be presumed simply because mace or pepper spray was used. In both cases, application of the bodily injury enhancement turned on a statement from the victim who suffered injury, or a person who witnessed the injury first-hand. *See Taylor*, 135 F.3d at 481-82 (supervisor's first-hand account of tellers' injuries was sufficiently reliable so that sentencing judge "could properly make the factual finding" regarding bodily injury); *Robinson*, 20 F.3d at 278 (teller's statement that she suffered injuries was sufficient evidence to apply enhancement). *See also* U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(A) (enhancement applicable if "victim sustained bodily injury"); *Id*. at § 1B1.1 cmt. n. (1)(A)

---

[3] (...continued)
"explains the difference" between mace and pepper spray, actually used the terms interchangeably to refer to common pepper spray. *Id*.

(bodily injury is "any significant injury," including those that are "painful and obvious").

In this case, the judge properly followed the Guidelines, basing his finding of bodily injury on the "burning sensation" the teller experienced in her eyes, and that she was unable to wear contact lenses. He found her statement, as relayed by the PSR, sufficiently reliable. Thus, the sentencing judge appropriately applied the bodily injury enhancement because he determined that the teller had a painful and obvious injury, not simply because Maiden used pepper spray.

## III. CONCLUSION

There was sufficient evidence to determine that Maiden inflicted bodily injury during the commission of his crime and the court properly applied the two-point enhancement under § 2B3.1(b)(3)(A). We AFFIRM.