**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2011

Lyle W. Cayce
Clerk

No. 10-51182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK ANTHONY GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-185-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Green appeals his convictions and sentences for interference with commerce by robbery and aiding and abetting, possession of a firearm in relation to a crime of violence, possession of a firearm by a convicted felony, and possession of an unregistered firearm. Green contends that the evidence was insufficient to support his convictions. Because Green did not move for a judgment of acquittal at the close of all the evidence, we review the claim under the more stringent "manifest miscarriage of justice" standard. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004). "Under this exacting standard of review, a claim of evidentiary insufficiency will be rejected unless the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007) (internal quotation marks and citation omitted).

Green has not shown that the record is devoid of evidence of guilt or that the evidence was so tenuous that his conviction is shocking. *See Phillips*, 477 F.3d at 219. The testimony of accomplices Joshua Smith and Justin Mosqueda and of cab driver Edgar Girral, as well as the surveillance video at Wal-Mart, established that Green was the black man who participated in the robbery of the Cricket Store, that Green possessed and fired a firearm during the robbery, that the robbers -- Smith, Mosquida, and Green -- took a cab to a Wal-Mart store immediately afterward, and that they divided the money from the robbery at the Wal-Mart store. *See United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997) (holding that a defendant may be convicted based on the uncorroborated testimony of a coconspirator). The testimony of Smith and Mosqueda alone was sufficient even though they were "interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *See United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). Green does not argue that the testimony of Smith and Mosqueda was incredible or insubstantial on its face. Further, the credibility of Smith and Mosqueda was a matter for the jury, and this court will not reevaluate the jury's credibility determination. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). Green does not dispute that he was a convicted felon at the time of the robbery. The testimony of Officer Silvio established that Green knowingly possessed a short-barreled shotgun at the time of his arrest, as the barrel of the shotgun was protruding from Green's backpack. In view of the evidence, the jury could infer that Green knowingly possessed the firearm. *See United States v. Fuchs*, 467 F.3d 889, 904 (5th Cir. 2006). Further, the Government presented ballistics

evidence that linked the shotgun in Green's possession at the time of his arrest to the one used in the robbery. Therefore, the record is not devoid of evidence of Green's guilt or so tenuous that his convictions are shocking. *See Phillips*, 477 F.3d at 219.

Green argues that the admission of his identification by Girral, the cab driver who drove the three robbers from the Cricket Store to a Wal-Mart store immediately after the robbery, violated his due process rights because police presented Girral with still photographs from the Wal-Mart surveillance video before he was able to make a 100 percent positive identification. Green asserts that the error was not harmless.

We need not decide whether it was error to admit Girral's identification because any error would be harmless, as the evidence of Green's guilt was not only "sufficient" but was "so overwhelming as to establish the guilt of the accused beyond a reasonable doubt." *See United States v. Watkins*, 741 F.2d 692, 695 (5th Cir. 1984). The evidence was sufficient to support Green's convictions even without Girral's testimony: Mosqueda and Smith testified that Green and Smith robbed the Cricket Store while Mosqueda located a cab as a a getaway vehicle; the Government introduced the surveillance video of a Wal-Mart store, showing Smith, Mosqueda, and Green together shortly after the robbery; Officer Silvio testified that at the time of Green's arrest, Green was carrying a backpack with the barrel of a shotgun protruding out of the top of it; and the shotgun had a short barrel and was linked through ballistics evidence to the one used in the robbery. In view of the totality of the circumstances including all of the evidence against Green, the admission of Girral's identification testimony, if it was error, was harmless error. *See Watkins*, 741 F.2d at 695.

Green argues that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(A) because the victim's ringing in his ears was not qualifying a bodily injury. The district court did not clearly err in finding that the victim had a bodily injury as he suffered temporary

hearing loss, irritation, and continuing ringing in his ears as a result of Green's firing a shotgun toward the wall approximately three to four inches away from his face. *See United States v. Jefferson*, 258 F.3d 405, 413-14 (5th Cir. 2001); *see also United States v. Maiden*, 606 F.3d 337, 339-40 (7th Cir. 2010) (upholding enhancement where defendant used mace causing victim to suffer burning sensation in her eyes and to be unable to wear contact lenses); *United States v. Hoelzer*, 183 F.3d 880, 882-83 (8th Cir. 1999) (affirming enhancement where store clerk suffered bruises to her face, chest, and legs); *United States v. Perkins*, 132 F.3d 1324, 1326 (10th Cir. 1997) (affirming enhancement where victim sustained "small laceration and bruising" and continued neck and shoulder pain); *United States v. Greene*, 964 F.2d 911 (9th Cir. 1992) (affirming enhancement where a victim was slapped in the face, causing pain, swelling, and redness).   Because the victim suffered temporary hearing loss, irritation, continued ringing in his ears from the time of the robbery to the time of the trial, and sought medical attention for the problem and received prescriptions, the district court did not clearly err in imposing the enhancement under § 2B3.1(b)(3)(A). *See United States v. Griffith*, 522 F.3d 607, 611-12 (5th Cir. 2008).

AFFIRMED.